UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOSEPH BOOK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Act. No. 04CV-11557RCL |
| ) | |
| DEPARTMENT OF STATE POLICE, ) | |
| COMMONWEALTH OF MASSACHUSETTS, ) | |
| and STATE TROOPER KURT M. ) | |
| FERRAZANI (No. 2355), STATE TROOPER ) | |
| SMITH (No. 2586), STATE TROOPER ) | |
| MACKENZIE (No. 1138), and STATE ) | |
| TROOPER HENNIGAN (ID unknown), ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OF LAW IN SUPPORT
DEPARTMENT OF STATE POLICE -COMMONWEALTH OF MASSACHUSETTS'
MOTION TO DISMISS**

### Introduction

Pursuant to Mass R. Civ. P. 12(b)6 the defendant, the Department of State Police - Commonwealth of Massachusetts ("Commonwealth"), hereby moves to dismiss plaintiff's complaint against the Commonwealth of Massachusetts because such claims are barred by the Eleventh Amendment.

### FACTS[1]

On or about June 6, 2001, plaintiff alleges he was involved in a motor vehicle accident

---

[1] The defendants accept all the facts as true with regards to this motion only.

with a motorcyclist. Plaintiff was allegedly placed under arrest, handcuffed and placed in a squad car. At the police station, plaintiff's Breathalyzer test read .00. Plaintiff alleges that four State Troopers repeatedly asked the plaintiff if he was drinking and called him a liar. Such questioning lasted for more than 30 minutes.

Plaintiff filed this claim in superior court. Co-defendant Trooper Ferrazani removed the claims against him to Federal Court. (Exhibit 1) The Commonwealth of Massachusetts did not consent to the removal. The entire case was then removed to Federal Court on or about July 20, 2004. (Exhibit 1)

## ARGUMENT

### THE COMPLAINT AGAINST THE COMMONWEALTH OF MASSACHUSETTS IS BARRED BY THE ELEVENTH AMENDMENT.

A suit against the Commonwealth of Massachusetts is a suit against the state and it is long-settled that a state may not be sued in the federal courts without its consent.

> For over a century we have reaffirmed that federal jurisdiction over suits against unconsenting States "was not contemplated by the Constitution when establishing the judicial power of the United States."

Seminole Tribe of Florida v. Florida, 116 S.Ct. 1114, 1122 (1996), quoting, Hans v. Louisiana, 134 U.S. 1, 33 (1890)[2], and citing, Edelman v. Jordan, 414 U.S. 651, 652-653 1974); Pennhurst State School and Hospital v. Halderman, 465 U.S. 89, 97-100 (1984); Rodriguez-Garcia v. Davila, 904 F.2d 90, 98 (1st Cir. 1990).

This bar to federal jurisdiction over States extends to federal claims otherwise justiciable in the federal courts. The Amendment thus is a specific constitutional bar against hearing even

---

[2] "It is inherent in the nature of sovereignty not to be amenable to the suit of an individual without its consent." Id., quoting, The Federalist No. 81 p. 487 (C. Rossiter ed. 1961) (A. Hamilton).

federal claims that otherwise would be with the jurisdiction of the federal courts. Penhurst State School & Hospital v. Halderman, 465 U.S. 89, 120 (1984).

The Commonwealth may therefore not be sued in the Federal District Court and the Complaint should be dismissed for lack of subject-matter jurisdiction and/or failure to state a claim, under Fed. R. Civ. P. 12(b)(1)(6), against the Commonwealth of Massachusetts.

## CONCLUSION

For the foregoing reasons, the defendants respectfully request that the Court grant their motion to dismiss.

        COMMONWEALTH OF MASSACHUSETTS
        By its Attorneys

        THOMAS F. REILLY
        ATTORNEY GENERAL


        Ranjana Chand Burke, BBO#638672
        Assistant Attorney General
        200 Portland Street
        Boston, MA 02114
        (617) 727-2200 x 3318

DATED:    September 8, 2004