UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04CV-11557 RCL

| | |
|---|---|
| JOSEPH BOOK,<br>Plaintiff | )<br>)<br>) |
| V. | )<br>) |
| DEPARTMENT OF STATE POLICE,<br>COMMONWEALTH OF MASSACHUSETTS,<br>and STATE TROOPER KURT M. FERRAZANI,<br>STATE TROOPER MACKENZIE, and<br>STATE TROOPER HENNIGAN,<br>Defendants | )<br>)<br>)<br>)<br>)<br>)<br>) |

DEFENDANT KURT FERRAZANI'S
MEMORANDUM OF LAW IN OPPOSITION TO
PLAINTIFF'S MOTION TO REMAND TO STATE COURT

Now comes Defendant Kurt Ferrazzani and pursuant to 28 U.S.C. § 1447(c) and Handleman-Smith v. Peck (attached hereto as Exhibit A), move this Honorable Court to deny Plaintiff's Motion to Remand this action to the State Court and to exercise jurisdiction over the pendent state claims pursuant to 28 U.S.C. § 1367 and issue an order that only those claims involving the Commonwealth of Massachusetts and its agency, the Department of State Police remain in Suffolk County Superior Court.

## I. PROCEDURAL HISTORY

On June 7, 2004, the Plaintiff filed his original suit in Suffolk Superior Court naming as Defendants the Department of State Police of the Commonwealth of Massachusetts and Massachusetts State Police Officers, Kurt Ferrazani, Hennigan, MacKenzie, Smith. On June 30, 2004 Defendant Ferrazani was served with the Complaint alleging violation of his constitutional rights redressible pursuant to 42

1

U.S.C.§1983 and the common law tort of false arrest arising from his arrest for operating under the influence of alcohol.

On or about July 11, 2004, Defendants Ferrazani filed a Notice of Removal with this Court.

## II. ARGUMENT

### A. Defendants' Removal of Both the Federal and Pendent State Claims Was Properly Made Pursuant to 28 U.S.C. §§ 1441(a) and (b), 1446 and 1367.

In deciding whether to remand a removed matter or a portion thereof to the state court, the district court must first determine whether the matter was removed properly. American Policyholders Ins. Co. v. Nyacol Products, Inc., 989 F.2d 1256 (1st Cir. 1993), rehearing denied; Krangel v. Crown, 791 F.Supp. 1436 (S.D.Cal. 1992), appeal denied 968 F.2d 914. In so doing, the court must establish that it has jurisdiction to hear the removed claims. In the instant case, the Plaintiff alleges the Defendants violated Plaintiff's civil rights under the Civil Rights Act, 42 U.S.C. § 1983. As § 1983 claims are statutorily derived and therefore involve a question as to federal law, 28 U.S.C. § 1331 confers original jurisdiction to the district courts to hear such claims. Plaintiff also alleges state civil rights and tort violations arising out of the same set of alleged facts. While normally the district courts do not have original jurisdiction to hear state claims, 28 U.S.C. § 1367 grants them supplemental jurisdiction over related state claims arising from the same case or controversy for which they do have original jurisdiction. Applied in the instant matter, this Court may exercise supplemental jurisdiction over the pendent tort claims as to all of the Defendant State Police Officers.

Once the district court has determined it has the authority to exercise jurisdiction over a case, it must then review the procedure utilized by the Defendant in removing the

matter to federal court, particularly whether all eligible defendants at the time, joined in the Notice of Removal and that the Notice was timely made. As noted above, the only Defendant that was served with the Complaint filed the Notice of Removal. Further, the Notice was filed 11 days after Defendants Ferrazani was served with the original complaint, a time which was well within the 30 day requirement of 28 U.S.C. § 1446 (b). Thus, since the Court not only has original jurisdiction over the § 1983 claims and may exercise supplemental jurisdiction over the pendent state claims but also all eligible parties joined in the timely Notice of Removal, the entire case (with the exception of the claims against the Commonwealth and the Massachusetts State Police) is properly before this Court.

### B. Plaintiff's Motion to Remand Fails to Comply with the Time Requirements of 28 U.S.C. § 1447(c) Thereby Forfeiting His Right to Remand.

In establishing the procedure for the removal and remand of cases, 28 U.S.C. § 1447(c) sets the following time restrictions for the remand of matters based on a technical defect in the removal process, stating in part:

> "A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)."

28 U.S.C. § 1447(c). Failure to file the appropriate motion to remand within 30 days of the filing of the Notice of Removal is akin to the Plaintiff waiving his right to seek remand and consequently will bar remand on any such grounds. Maniar v. F.D.I.C., 979 F.2d 782 (9th Cir. 1992); Howard v. Northwest Airlines, Inc., 793 F.Supp. 129 (S.D.Tex. 1992). In the instant matter, while the Plaintiff does not explicitly state his grounds for

remand as lying in § 1447(c). As there is no question that the Court is able to exercise subject matter jurisdiction over these claims through both its original jurisdiction over the § 1983 claims and supplemental jurisdiction over the pendent state claims, the Plaintiff's Motion to Remand must comply with the strict time requirements as set forth above in 28 U.S.C. § 1447(c). Thus, since Plaintiff's Motion to Remand was filed over two and one-half months after receiving Defendants' Notice of Removal, the required time for moving for remand has expired and neither Plaintiff nor the Court, *sua sponte*, may now remand this matter based on improper removal. Maniar v. F.D.I.C., 979 F.2d 782 (9th Cir. 1992).

### C. The Court Should Retain Supplemental Jurisdiction Over the Pendent State Claims as Remand Would Be Improper Under 28 U.S.C. § 1367(c).

While the district court cannot remand federal question claims which were properly removed, it does have discretion over hearing pendent state claims. Buckner v. F.D.I.C., 981 F.2d 816 (5th Cir. 1993). Pursuant to 28 U.S.C. § 1367 (c), the district court may opt not to exercise supplemental jurisdiction and remand pendent state claims to the state court if any of the following four conditions are present:

> "(1) the claim raises a novel or complex issue of State law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction."

28 U.S.C. § 1367(c). None of the above conditions apply to the instant case. As stated previously, this matter involves allegations that members of the State Police violated the Plaintiff's civil rights during a traffic stop and falsely arrested him. These types of claims are not new to either the state or federal forum nor do they require remand for a determination of a complex state law issue. Neptune v. McCarthy, 706 F.Supp. 958

(D.Mass. 1989) (pendent state law claims involving allegations of violations of Plaintiff's rights under both state civil rights statute and Massachusetts Tort Claims Act remanded *where state law claims involved issues previously not construed in state law*).

Remand is also not warranted because the state law claims do not substantially predominate the federal claims. The plaintiff in a suit, through his determination of the claims he raises, is "master to decide what law he will rely upon." Franchise Tax Board, 463 U.S. at 22 (quoting The Fair v. Kohler Die & Specialty Co., 228 U.S. 22, 25 (1913)). In the instant case, Plaintiff has opted to pursue federal claims, by including § 1983 claims in his original complaint filed in state court, Plaintiff ran the risk that, at a minimum, the federal question claims could be removed to the federal forum. The federal claims with respect to all Defendants are now properly before this Court and should remain here. See Robinson v. Fikes of Alabama, Inc., 804 F.Supp. 277 (M.D.Ala. 1992) (the mere fact that a state court shares jurisdiction over a federal claim is not enough, outside defective removal procedure or lack of jurisdiction, for the district court to remand).

As outlined above, the Plaintiff may not avoid litigating the matter in both the state and federal forums. Since not only the federal claim as to all Defendants (except the Commonwealth and State Police), including state claims, must be heard in this Court, the most logical action would be for this Court to exercise supplemental jurisdiction over the remaining pendent state claims. While Plaintiff has satisfied neither prong #1 nor #2 of 28 U.S.C. § 1367 in arguing for remand, likewise he cannot meet the last two requirements. The federal claims have not been dismissed nor should they be absent the Court finding a "clear and exceptional justification for dismissing a Section 1983 claim."

Harris v. Pernsley, 755 F.2d 338, 346 (3rd Cir.), rehearing en banc denied, 758 F.2d 83 (3rd Cir. 1985). Further, Plaintiff has failed to offer any exceptional or compelling reason for this Court to decline jurisdiction other than Plaintiff's desire not to be forced to partake in piecemeal litigation, the possibility of which, unfortunately for Plaintiff, the courts have recognized as being "the unavoidable price of preserving access to the federal relief which Section 1983 assures." Tovar v. Billmeyer, 609 F.2d 1291, 1293 (9th Cir. 1980).

### III. CONCLUSION

Based on the foregoing reasons, Defendant Ferrazani respectfully requests this Honorable Court deny Plaintiff's Motion to Remand and follow the Court's holding in Handleman-Smith v. Peck, *supra*, by exercising supplemental jurisdiction over all pendent state claims involving all Defendants who properly removed this action.

Respectfully submitted
For Defendant Kurt Ferrazani,

By his attorney,

_____
Joseph P. Kittredge, Esq.
BBO #548841
160 Gould Street
Needham, MA 02494
(781) 455-0707

Certificate of Service

I hereby certify that a true copy of the above document was served upon the attorney of record for each party by first class mail, postage prepaid.

Date: 10/12/04

6

# Exhibit A

Case 1:04-cv-11557-RCL    Document 12    Filed 10/12/2004    Page 7 of 10

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

DEBRA HANDELMAN-SMITH,
As Administratrix of the Estate of
Patrick Anthony Smith,
          Plaintiff,

v.

THOMAS PECK and GERARD
FLAHERTY, Individually and as
Massachusetts State Police Officers,
          Defendants.

CIVIL ACTION
NO. 89-2634-S

## MEMORANDUM ON JURISDICTION AND ORDER OF REMAND

March 29, 1990

SKINNER, D.J.

The plaintiff filed this action in the Superior Court of Massachusetts, Suffolk County, against two state troopers and their employer, the Commonwealth of Massachusetts. The complaint alleged that the troopers gunned down the plaintiff's decedent in violation of his civil rights. 42 U.S.C. §§ 1981 and 1983; Mass. Gen. L. ch. 12, § 11I. The complaint also claimed a right to recover from the Commonwealth under the Massachusetts Tort Claims Act, Mass. Gen. L. ch. 258, § 2, Civil Rights Act, Mass. Gen. L. ch. 12, § 11I, and Wrongful Death Act, Mass. Gen. L. ch. 229, § 2.

1

The troopers filed a notice of removal to this court under 28 U.S.C. § 1446. It is unclear from this notice how much of the action the defendants intended to remove. The notice refers to "the action" as being removable but discusses only the Section 1983 claim. The troopers point out that the Commonwealth is not subject to suit under Section 1983, perhaps to justify its failure to join in the removal. The record certified to this court suggests that the Superior Court is treating the entire case as having been removed from its jurisdiction, and that may be the effect of 28 U.S.C. § 1446(d). This memorandum clarifies the jurisdiction of both courts in this matter.

This court does not have jurisdiction over the claims against the Commonwealth. For one thing, the Commonwealth did not join in the notice of removal. Even if it had done so, the claims against it are not within the original jurisdiction of the federal courts and are not removable. No federal right is asserted against the Commonwealth. Section 1983 cannot be the basis for pendent jurisdiction over related claims against a state. *Aldinger v. Howard*, 427 U.S. 1 (1976). This is so even where jurisdiction is premised on the removal statute. *Charles D. Bonanno Linen Service, Inc. v. McCarthy*, 708 F.2d 1 (1st Cir. 1983).

The next question is how much of the case against the troopers has been removed. The pendent state claims are removable but in my discretion might have been left for resolution by the Superior Court along with the claims against the Commonwealth. The state claims were not mentioned in the notice of removal or any motion to remand. Under these circumstances, for the purpose of judicial economy I

2

shall retain jurisdiction over as much of the case as is permitted by Section 1441, which in my opinion includes the state claims against the troopers arising out of the same operative facts as the federal claims. *United Mine Workers v. Gibbs*, 383 U.S. 715 (1966).

**Accordingly,** I rule that this court has jurisdiction over all claims, whether state or federal, against defendants Thomas Peck and Gerard Flaherty. This court is without jurisdiction over the claims against the Commonwealth of Massachusetts, and that portion of the plaintiff's action remains in the jurisdiction of the Superior Court. If necessary, this ruling shall be construed as an order of remand. A certified copy of this memorandum shall be sent to the clerk of the court from which the action was removed.

/s/ Walter Jay Skinner
United States District Judge