UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOSEPH BOOK,<br>   Plaintiff<br><br>v.<br><br>DEPARTMENT OF STATE POLICE,<br>COMMONWEALTH OF MASSACHUSETTS,<br>STATE TROOPER KURT M. FERRAZANI<br>(No. 2355), STATE TROOPER SMITH (No. 2586)<br>STATE TROOPER MACKENZIE (No. 1138), and<br>STATE TROOPER HENNIGAN (ID unknown),<br>   Defendants | )<br>)<br>)<br>) Civil Action No. 04-CV-11557RCL<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

### DEFENDANT STATE TROOPER MACKENZIE'S (No. 1138) ANSWER TO PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL

#### First Defense

The Plaintiff's Complaint fails to state a claim upon which relief may be granted as such it must be dismissed.

#### Second Defense

1. The Defendant is without sufficient knowledge to form a belief as to the truthfulness of the allegations contained in paragraph 1 of Plaintiff's Complaint and as such denies same.

2. The Defendant admits the allegations contained in paragraph 2 of Plaintiff's Complaint.

3. The Defendant admits the allegations contained in paragraph 3 of Plaintiff's Complaint.

4. The Defendant is without sufficient knowledge to form a belief as to the truthfulness of the allegations contained in paragraph 4 of Plaintiff's Complaint and as such denies same.

5. The Defendant reanswers and realleges his responses to the allegations contained in paragraphs 1-4 as fully set forth herein.

6. The Defendant admits the allegations contained in paragraph 6 of Plaintiff's Complaint.

7. The Defendant admits the allegations contained in paragraph 7 of Plaintiff's Complaint.

8. The Defendant is without sufficient knowledge to form a belief as to the truthfulness of the allegations contained in paragraph 8 of Plaintiff's Complaint and as such denies same.

9. The Defendant is without sufficient knowledge to form a belief as to the truthfulness of the allegations contained in paragraph 9 of Plaintiff's Complaint and as such denies same.

10. The Defendant admits the allegations contained in paragraph 10 of Plaintiff's Complaint.

11. The Defendant denies the allegations contained in paragraph 11 of Plaintiff's Complaint.

12. The Defendant denies the allegations contained in paragraph 12 of Plaintiff's Complaint.

13. The Defendant denies that the charges were changed but admits the remainder of paragraph 13 of Plaintiff's Complaint.

14. The Defendant denies the allegations contained in paragraph 14 of Plaintiff's Complaint.

15. The Defendant denies the allegations contained in paragraph 15 of Plaintiff's Complaint.

16. The Defendant reanswers and realleges his responses to the allegations contained in paragraphs 1-15 as fully set forth herein.

17. The Defendant admits the allegations contained in paragraph 17 of Plaintiff's Complaint.

18. The Defendant admits the identity of State Troopers at the scene of the accident but denies the remainder of paragraph 18.

19. The Defendant is without sufficient knowledge to form a belief as to the truthfulness of the allegations contained in paragraph 19 of Plaintiff's Complaint and as such denies same.

20. The Defendant denies the allegations contained in paragraph 20 of Plaintiff's Complaint.

21. The Defendant denies the allegations contained in paragraph 21 of Plaintiff's Complaint.

22. The Defendant admits the allegations contained in paragraph 22 of Plaintiff's Complaint.

23. The Defendant denies the allegations contained in paragraph 23 of Plaintiff's Complaint.

24. The Defendant denies the allegations contained in paragraph 24 of Plaintiff's Complaint.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

The Plaintiff's injuries and/or damages were caused by his own negligent acts of failure to act and therefore this action is barred by the provisions of M.G.L. c. 231 §85.

### Second Affirmative Defense

The Plaintiff has failed to state a cause of action upon which relief may be granted and therefore this Complaint should be dismissed pursuant to Federal Rules of Civil Procedure 12(b)(6).

### Third Affirmative Defense

By way of affirmative defense the Defendant says that the Plaintiff was rightfully detained and that the detention was for a reasonable period of time.

### Fourth Affirmative Defense

By way of affirmative defense the Defendant says that he was justified in his conduct and acts and is therefore not liable to the Plaintiff as alleged in the Complaint.

### Fifth Affirmative Defense

By way of affirmative defense the Defendant says that he was justified in his conduct and acts and that therefore the Plaintiff cannot recover.

### Sixth Affirmative Defense

By way of affirmative defense the Defendant says that his actions and conduct were performed according to and protected by law and/or legal process, and that therefore the Plaintiff cannot recover.

### Seventh Affirmative Defense

By way of affirmative defense the Defendant says that he was privileged in his conduct and acts and that therefore the Plaintiff cannot recover.

### Eighth Affirmative Defense

By way of affirmative defense the Defendant says that the Plaintiff cannot recover because of the doctrine of sovereign immunity.

### Ninth Affirmative Defense

By way of affirmative defense the Defendant says that if the Plaintiff suffered injuries or damage, as alleged, such injuries or damage were caused by someone for whose conduct the Defendant was not and is not legally responsible.

### Tenth Affirmative Defense

The Court is without jurisdiction to hear this matter as the Commonwealth of Massachusetts is the real party and interest and has not waived its sovereign immunity to suits in Federal Court.

### Eleventh Affirmative Defense

Defendant is entitled to immunity based upon good faith in that the harm suffered by Plaintiff was not a result which a reasonable person in Defendant's position would have known to result from his actions.

### Twelfth Affirmative Defense

Defendant says that at all times relevant hereto he has acted without malice toward the Plaintiff and that his actions relative to the Plaintiff were privileged by virtue of his acting reasonably and in good faith within the scope of his authority as a Massachusetts State Police Officer.

### Thirteenth Affirmative Defense

The Defendant has qualified immunity from this suit as the alleged acts complained of occurred within the scope of Defendant's official duties and Defendant had no knowledge that said alleged acts were illegal and/or unconstitutional nor were said alleged acts clearly violative of Plaintiff's rights at the time they were committed.

### Fourteenth Affirmative Defense

The Plaintiff's Complaint against Defendant is frivolous, without basis in fact and not advanced in good faith. The Defendant is therefore entitled to attorney's fees, costs and any other sanctions the Court deems appropriate under the terms and provisions of 42 U.S.C. §1988.

### Fifteenth Affirmative Defense

Any damage incurred by the Plaintiff as alleged in the Complaint were the result of his own intentional and illegal conduct and they are, therefore, barred from recovery.

### Sixteenth Affirmative Defense

Defendant says that when the Plaintiff was arrested there was probable cause for making the arrest and the Defendant was justified in so doing.

### Seventeenth Affirmative Defense

Defendant says that the Plaintiff was rightly detained.

### Eighteenth Affirmative Defense

Defendant says that the Plaintiff was rightly detained and with the use of no more force than was necessary to effectuate his arrest.

### Nineteenth Affirmative Defense

Defendant says that his conduct, acts and alleged use of force were reasonable and justified and that therefore the Plaintiff cannot recover.

### Twentieth Affirmative Defense

Defendant says that when the Plaintiff was arrested there was an outstanding warrant for his arrest and the Defendant was justified in arresting him

### Twenty-First Affirmative Defense

Acts complained of occurred within the scope of Defendant's official duties and Defendant had no knowledge that said acts were illegal and/or unconstitutional nor were said acts clearly violative of Plaintiff rights at the time they were committed. <u>Anderson vs. Creighton</u>.

### Twenty-Second Affirmative Defense

The activities complained of do not rise to the level of Constitutional deprivations under 42 U.S.C. §1983, therefore this Court lacks subject matter jurisdiction. And further answering, Defendant says that the Complaint fails to state a claim under 42 U.S.C. §1983 against him as the conduct alleged in the Complaint does not involve any particular right arising under the United States Constitution and further that no violation of any federal or constitutional right has been pled with the requisite particularity, and counts purporting to allege such violation must, therefore, be dismissed.

### Twenty-Third Affirmative Defense

Defendant says this action is barred by the doctrine of res judicata.

### Twenty-Fourth Affirmative Defense

Defendant says this action is barred by the doctrine of collateral estoppel.

### Twenty-Fifth Affirmative Defense

The claims of the Plaintiff in this action are barred by reason of the statute of limitations.

WHEREFORE the Defendant requests that this Court deny each and every prayer for relief requested by Plaintiff, dismiss this action and award Defendant such other and further relief, including attorney's fees and costs, as this Court may deem appropriate.

### JURY DEMAND

Defendant demands a jury trial on all triable issues.

Respectfully submitted,
For Defendant State Trooper MacKenzie (1138),
By his Attorney,

*[signature]*

Joseph P. Kittredge, Esquire
BBO #548841
LAW OFFICES OF TIMOTHY M. BURKE
160 Gould Street, Suite 111
Needham, MA 02494
(781) 455-0707

## Certificate of Service

I hereby certify that a true copy of the above document was served upon the attorney of record for each party via first class mail, postage pre-paid.

Date: 12/29/04           *[signature]*