UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOSEPH BOOK,        )<br>     Plaintiff        )<br>                         )<br>VS                      )<br>                         )<br>STATE TROOPER KURT M.        )<br>FERRAZZANI, STATE TROOPER SMITH )<br>STATE TROOPER MCKENZIE, AND   )<br>STATE TROOPER HENNIGAN         )<br>     Defendants        ) | NO. 04-CV11557 |

_____

DEFENDANTS' MOTION TO PRECLUDE
PLAINTIFF FROM INTRODUCING EVIDENCE OF
ITEMIZED DAMAGES OR MEDICAL RECORDS
OR ALTERNITIVELY TO COMPEL THEIR IMMEDIATE PRODUCTION
_____

Now come the defendants and move that plaintiff be precluded from offering evidence or testimony as to any specific pecuniary damages, including alleged lost wages, attorneys' fees or costs of settlement, or any medical records related to any condition or injury allegedly caused by defendants. In support of this motion defendants show that plaintiff alleges that he suffered injuries as a result of defendants' actions, including lost income, the need for medical care, and attorneys' fees. Plaintiff has had three different counsel in this case, with resultant delay in discovery. His current counsel entered the case in or about August 2006.

Plaintiff has never made a disclosure or itemization of damages, nor has he ever produced or identified any document that supports any claim for damages. FRCP Rule

26 requires a "computation of any category of damages claimed by the disclosing party, making available for inspection and copying…the documents or other evidentiary material…on which such computation is based, including materials bearing on the nature and extent of injuries suffered…."  Rule 26 requires an automatic, mandatory disclosure.  There has been no compliance with that rule.  Specifically, plaintiff has not provided the total amount of any lost income, let alone any breakdown of that income or explanation of how this calculation was made.  Plaintiff is an 86 year old retired attorney, who at most worked part time when he was arrested.  Plaintiff asserts that he had expenses for attorneys' fees for his criminal trial.  He has provided no statement of these fees let alone an itemization or supporting document.  Plaintiff alleges that he was forced to settle a civil suit brought against him by a motorcyclist that he ran over, and that he was deprived of the ability to defend that suit because of the actions of defendants.  Plaintiff has not even provided the amount of the settlement, let alone any supporting documentation.  Plaintiff alleges that he was forced to seek medical treatment due to stress caused by his arrest.  He has failed to provide any medical records related to plaintiff's alleged injuries or any bill for treatment.

Plaintiff's answers to defendant's interrogatory number 15 also asserts that he suffered a loss of income caused by the defendants.  The answer states that it would be supplemented with financial information to reflect the drop in income he experienced.  He has never done so.  Those interrogatories were finally answered on August 18, 2006.

The undersigned counsel for defendant Ferrazzani entered this case, and became lead counsel, on September 19, 2006 after prior counsel left The Law Offices of Timothy Burke.  Shortly thereafter he asked plaintiff's attorney to provide an itemized statement

of damages. On September 26, 2006 he wrote to plaintiff's attorney noting the failure to comply with Rule 26 or to supplement the answers to interrogatories, and requesting an immediate compliance with that Rule and a supplemental response to the Interrogatories. No response has been received.

We are now less than one month from trial. The obligation of plaintiff to itemize his damages and provide supporting documentation is clear from Rule 26. While plaintiff's change in counsel may have caused some delay, there is no reason why he did not produce this information in response to counsel's request and his letter of September 26, 2006.

At this point it will be impossible for defendants to adequately prepare a defense if plaintiff is allowed to testify to and produce detailed evidence of damages for the first time at trial. Therefore defendants move that plaintiff be precluded from presenting any evidence or testimony as to any specific pecuniary damages, including alleged lost wages, attorneys' fees or costs of settlement. Moreover, defendant should be precluded from producing any medical records or testimony related to any alleged injury or condition caused by defendants.

In the alternative, defendants move that plaintiff be immediately ordered to produce specific itemized statements of any alleged damages, all supporting documents or documents concerning such damages, including income tax records since 2001, and all medical records of treatment beginning one year prior to his arrest. Defendants note, however, that the production of documents and statements at this late date will severely limit there ability to prepare for trial, and that plaintiff should be precluded from offering any such evidence.

        Respectfully submitted,

        Defendant Kurt Ferrazzani
        By his counsel,


        /s/ Brian Rogal
        Brian Rogal, Esquire
        BBO No. 424920
        160 Gould Street, Suite 111
        Needham, MA  02494
        781-455-8964

        Defendants McKenzie, Smith and Hennigan,
        By their counsel,


        /s/ Timothy Burke
        Timothy Burke, Esquire
        BBO No. 065720
        160 Gould Street, Suite 111
        Needham, MA  02494
        781-455-0707


<u>Certificate of Service</u>

Service of this document is made via the courts ECF system.