UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOSEPH BOOK,           )<br>    Plaintiff              )<br>                             )<br>VS                         )<br>                             )<br>STATE TROOPER KURT M.         )<br>FERRAZANNI, STATE TROOPER SMITH )<br>STATE TROOPER MCKENZIE, AND   )<br>STATE TROOPER HENNIGAN        )<br>    Defendants             ) | NO. 04-CV11557 |

DEFENDANTS' MOTION IN LIMINE
TO PRECLUDE PLAINTIFF FROM ATTEMPTING TO
INTRODUCE ANY REFERENCE TO ANY DISCIPLINARY
RECORD OF DEFENDANTS

Now come the defendants and move in limine to preclude the plaintiff from attempting to introduce or make any testimonial reference to any alleged discipline of any of defendants. In support of this motion defendants show that the plaintiff asked questions in deposition about disciplinary records of the defendants. Defendants were not disciplined for any matter related to this case. Defendants have no significant disciplinary record and no record that would relate in any way to any issue in this case.[1]

Police discipline would not meet any standard for admissibility. Pursuant to Fed. R. Evid. 404(b),:

Evidence of other crimes, wrongs or acts is not admissible to prove character

---

[1] Defendant Ferrazzani did not testify as to the receipt of any discipline. Defendant McKenzie's discipline consisted of receiving a letter of counseling for a cruiser accident and a letter of reprimand for language, both years after this incident.

of a person in order to show action in conformity therewith.

The First Circuit analyzes issues raised under 404(b) by asking whether the evidence is offered for a legitimate purpose (See <u>Huddleson v. United States</u>, 485 U.S. 681, 108 S.Ct 1496, 1499 (1988)) and, if so, whether considerations of substantial prejudice require it to be suppressed under Fed. R. Evid. 403.  <u>United States v. Fields</u>, 871 F.2d 188, 196 (1st.Cir. 1989).

There is no pattern or practice that would be admissible under any Federal Rule of Evidence.  By way of comparison, disciplinary records do not bear the significance of criminal convictions, which would have only admissibility for impeachment only in limited circumstances.   The attempt to refer to or introduce evidence of alleged discipline of any defendants would serve solely as an attempt to prejudice the jury and would not be probative of any issue in this case.

Wherefore defendants move in limine that plaintiff be precluded from attempting to introduce or make any testimonial reference to any discipline of any of defendants.

Respectfully submitted,

Defendant Kurt Ferrazanni
By his counsel,

/s/ Brian Rogal
Brian Rogal, Esquire
BBO No. 424920
160 Gould Street, Suite 111
Needham, MA  02494
781-455-8964

        Defendants McKenzie, Smith and
        Hennigan,
        By their counsel,

        /s/ Timothy M. Burke
        Timothy Burke, Esquire
        BBO No. 065720
        160 Gould Street, Suite 111
        Needham, MA  02494
        781-455-0707

Certificate of Service

Service is made via the Court's ECF notification system.