UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOSEPH BOOK,                                         )<br>        Plaintiff                                              )<br>                                                               )<br>VS                                                           )<br>                                                               )<br>STATE TROOPER KURT M.                     )<br>FERRAZANNI, STATE TROOPER SMITH )<br>STATE TROOPER MCKENZIE, AND       )<br>STATE TROOPER HENNIGAN                )<br>        Defendants                                         ) | NO. 04-CV11557 |

---

### DEFENDANTS' MOTION IN LIMINEE TO PRECLUDE
### INTRODUCTION OF BREATHALYZER RESULTS

---

Now come the Defendants and moves in limine to prohibit the introduction of or any testimonial reference to the results of the breathalyzer test given subsequent to the Plaintiff's arrest. In support of this Motion, the Defendants state that such evidence is not relevant to a determination of whether there was probable cause to arrest at the time of the arrest.

> "Judgments of acquittal are almost always excluded because of a lack of relevancy since they do not necessarily prove innocence but may indicate only that the prosecution failed to meet its burden of proof beyond a reasonable doubt as to at least element of the crime."

Weinstein's Evidence, §803(2)[1]. Here the issue is the breathalyzer given after the arrest was made. A police officer is not required to offer an individual a breathalyzer until after that person is transported to the police barracks. Commonwealth vs. Tomeo, 400

Mass. 23, 507 N.E.2d 725 (1987). The information of the breathalyzer was not available at the time that the arrest was made and therefore is irrelevant to the determination as to whether Defendants had probable cause to arrest at that time.

If the Court determines that such evidence is relevant, the Court should exclude the evidence because its probative value is substantially outweighed by its prejudicial effect. Green v. Richmond, 369 Mass.47, 337 N.E.2d 691 (1975). The jury may tend to view the breathalyzer as being conclusive on the issue of probable cause, thereby deterring them from their obligation to determine whether a reasonable person could have believed that Mr. Book was under the influence of alcohol based on the facts known to the officers at the time of the arrest. See Groves v. Auto Owners, Inc., 459 F.Supp. 490 (1978) (Introducing not guilty finding would confuse the issues and mislead the jury into equating an acquittal with misconduct on the part of the Defendants.)

WHEREFORE, the Defendants pray that this Court precludes the Plaintiff from introducing into evidence or making any reference to the not guilty findings of the charges initiated by the Defendants.

                                      Respectfully submitted,

                                      Defendant Kurt Ferrazanni
                                      By his counsel,

                                      /s/ Brian Rogal
                                      Brian Rogal, Esquire
                                      BBO No. 424920
                                      160 Gould Street, Suite 111
                                      Needham, MA  02494
                                      781-455-8964

Defendants McKenzie, Smith and
Hennigan,
By their counsel,


/s/ Timothy M. Burke
Timothy Burke, Esquire
BBO No. 065720
160 Gould Street, Suite 111
Needham, MA  02494
781-455-0707


Certificate of Service

Service is made via the Court's ECF notification system.