UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| JOSEPH BOOK, ) | | |
|     Plaintiff ) | | |
| ) | | |
| VS ) | NO. 04-CV11557 | |
| ) | | |
| STATE TROOPER KURT M. ) | | |
| FERRAZANNI, STATE TROOPER ) | | |
| SMITH, STATE TROOPER ) | | |
| MCKENZIE, AND STATE ) | | |
| TROOPER HENNIGAN ) | | |
|     Defendants ) | | |

---

DEFENDANTS' PROPOSED JURY INSTRUCTIONS

---

1. U.S.C. §1983

To prevail in a claim for relief under 42 U.S.C. 1983, the plaintiff must prove that the defendant violated a specific constitutional right of the plaintiff.  Paul vs. Davis, 424 U.S. 693, 700 (1976).  The burden of proof is on the plaintiff for all of his claims.

2. 42 U.S.C. §1983

In this case the plaintiff alleges that defendants violated his Fourth Amendment right to be free from arrest without due process of law.  Specifically, the plaintiff alleges that he was subjected to an arrest without probable cause.  The only issue in this case is whether there was probable cause, as I will explain that term, to arrest the plaintiff at the time of his arrest.

3. Right to Arrest

Massachusetts State Police Officers have the right to arrest any person whom they have probable cause to believe has committed a crime.

4. Probable Cause

There is probable cause to arrest "when, at the moment of arrest, the facts and circumstances known to the police officers were sufficient to warrant a person of reasonable caution in believing that the Defendant had committed or was committing a crime".  The amount of evidence sufficient to find probable cause is far less than that required for a conviction.  The test for probable cause does not involve speculation about the outcome of a trial on the merits of a particular charge but rather upon an assessment of whether the knowledge of the arresting officer at the time of the arrest would be sufficient to warrant a prudent man in believing that the person arrested had committed or was committing an offense.  Beck vs. State of Ohio, 379 U.S. 89 (1964).  "Probable cause determinations are, virtually by definition, preliminary and tentative." Acosta v. Ames Dep't Stores, Inc., 386 F.3d 5, 11 (1st Cir.2004).  The information known to the officer should be evaluated "in a common sense fashion, avoiding a hypertechnical, strained or grudging analysis".  Commonwealth vs. Hason, 387 Mass. 169, 439 N.E.2d 251, 255 (1982);  Commonwealth vs. Grammo, 8 Mass. App. 447, 395 N.E.2d 476, 480 91979);  See also Commonwealth vs. Snow, 363 Mass. 778, 298 N.E.2d 804 (1973).

5. Probable Cause

2

A police officer may reasonably form the opinion that a person is intoxicated based upon his observations, including that the person has an odor of alcohol, has slurred speech or was unsteady. Commonwealth vs. Alano, 385 Mass. 871 (1983); Commonwealth vs. Gordon, 15 Mass. App. 901 (1982); Commonwealth vs. Otmishi, 398 Mass. 69 (1986); Commonwealth vs. Hilton, 398 Mass. 62 (1986); Petras vs. Storm, 18 Mass. App. 330 (1984).

6. Probable Cause

The initial determination as to whether there is probable cause to believe that a person was intoxicated may be made based upon the observations of the officer at the scene and information that he receives from other people at the scene. A police officer may rely on information that he receives from other police officers. A police officer is not required to offer an individual a breathalyzer until after that person is transported to the police barracks. Commonwealth vs. Tomeo, 400 Mass. 23, 507 N.E.2d 725 (1987).

7. Probable Cause

Information that an officer learns after the arrest is not relevant to the question of whether there was probable cause to arrest at the time the arrest was made. Subsequent investigation may reveal information which may either prove that a person was guilty of a crime or innocent of a crime for which they were arrested. However, the plaintiff has the burden of proving that the defendant did not have probable cause to arrest at the time the arrest was made. Therefore any information that was learned afterwards is irrelevant to the

determination of probable cause to arrest. Therefore the results of the breathalyzer taken at the barracks after the arrest is irrelevant.

### 8. Qualified Immunity

As long as probable cause is at least arguable, the officer will not be held liable for claims arising out of false arrest, imprisonment, or detention. Hall vs. Ochs, 817 F.2d 920, 925 (1st Cir. 1987), citing Floyd vs. Farrell, 765 F.2d 1 (1st Cir. 1984).

### 9. Section 1983 - Arrest

A police officer is not liable under Section 1983 for false arrest if probable cause existed to arrest the suspect for any crime. Thus, even if there was no probable cause to arrest the Plaintiff for one of the crimes with which he was charged, the police officer will not be liable under Section 1983 if there was another crime for which the Plaintiff could have been arrested. United States vs. Atkinson, 450 F.2d 835, 838 (5th Cir. 1971); Trejo vs. Perez, 693 F.2d 482 (1982).

### 10. Proximate Cause

In order to recover damages for a §1983 violation the plaintiff must prove that he suffered specific injuries and that the alleged illegal acts were a proximate cause of the injuries sustained by the plaintiff. Proximate cause means that there must be a sufficient connection between the act or omission constituting a violation of §1983 and any injury or damage sustained by a Plaintiff. An injury or damage is proximately cause by an act or omission whenever it appears from the evidence in the case that the act played a substantial

part in bringing about or actually causing the injury or damage. Sand, Modern Federal Jury Instructions, ¶87.03 at instruction 87-79 (1990).

### 11. Proximate Cause

In order to be the proximate cause of an injury, an act or omission must be the moving force which resulted in the injury or damage. Bordanaro v. McLeod, 871 F.2d 1151, 1165-66 (1st Cir. 1989).

### 12. Damages - Reasonable, Not Speculative

If you should find that the Plaintiff is entitled to a verdict, you may award him only such damages as will reasonably compensate him for such injury and damages as you find, from a preponderance of the evidence in the case, that he has sustained as a proximate result of the Defendant's conduct.

You are not permitted to award speculative damages. So, you are not to include in any verdict compensation for any prospective loss which, although possible, is not reasonably certain to occur in the future. Bigelow vs. RKO Radio Pictures, Inc., 327 U.S. 251 (1946), reg. denied, 327 U.S. 817; Story Parchment Co. vs. Paterson Parchment Paper Co., 282 U.S. 555 (1931); Brown vs. United States, 230 F.Supp. 774, 776 (D. Mass. 1964).

### 13. Damages Not Objectively Ascertainable: Nervousness, Depression, Etc.

The Plaintiff must establish by a preponderance of the evidence the casual connection between the Defendant's act and the Plaintiff's injury. If the injury for which damages are claimed is not ascertainable or apparent to you by objective evidence, such as

5

his claims for nervousness, depression, or other mental conditions which the Plaintiff alleges were caused by the Defendant's acts, then you may not award any compensation unless there is expert medical testimony or other objective testimony through witnesses from which you can make an informed judgment as to the existence, nature, duration and seriousness of such condition, and whether it is causally related to the alleged conduct of the Defendant. <u>Bullard vs. Central Vermont Ry., Inc.</u>, 565 F.2d 193, 197 (1st Cir. 1977); <u>Perez vs. Rodriguez Bou</u>, 575 F.2d 21, 25 (1st Cir. 1961); <u>Rheaume vs. Patterson</u>, 289 F.2d 92, 97 (10th Cir. 1957), cert. denied, 355 U.S. 959 (1958).

### 14. <u>Punitive Damages</u>

Even if you find for the Plaintiff, punitive damages may be awarded in a §1983 action only where Defendants acted with "oppression, malice, gross negligence, willful or wanton misconduct, or a reckless disregard for the civil rights of the Plaintiff. <u>Dennison vs. Vietch</u>, 560 F.Supp. 435, 444 (1983).

### 15. <u>Punitive Damages</u>

Punitive damages may not be awarded for any of Plaintiff's claims that do not include alleged violations of Constitutional or Federal Statutory Rights. You may not award punitive damages for malicious prosecution or for assault and battery.

### 16. <u>Liability of Individual Officers</u>

The Plaintiff has brought suit against more than one State Trooper. Each Trooper is liable for his own actions and the plaintiff must separately establish the liability, if any, of

6

each Trooper that he has sued. This is not to suggest that any Trooper violated the Plaintiff's rights in any way. Rather it reflects the fact that each Trooper's actions must be judged on their own merits, and the propriety of another trooper's actions are irrelevant to that determination. Each Defendant entitled to a fair consideration of his own defense, and is not to be prejudiced by your belief, if you should so believe, that the other officer violated the Plaintiff's rights. United States vs. Agueci, 310 F.2d 817, 829 (2nd Cir. 1962), cert. den. 372 U.S. 959.

        Respectfully submitted,

        Defendant Kurt Ferrazanni
        By his counsel,

        /s/ Brian Rogal
        Brian Rogal, Esquire
        BBO No. 424920
        160 Gould Street, Suite 111
        Needham, MA  02494
        781-455-8964

        Defendants McKenzie, Smith and
        Hennigan,
        By their counsel,

        /s/ Timothy M. Burke
        Timothy Burke, Esquire
        BBO No. 065720
        160 Gould Street, Suite 111
        Needham, MA  02494
        781-455-0707

Certificate of Service

Service is made via the Court's ECF notification system.