UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| JOSEPH BOOK, )<br>    Plaintiff )<br> )<br>VS )<br> )<br>STATE TROOPER KURT M. )<br>FERRAZZANI, STATE TROOPER SMITH )<br>STATE TROOPER MCKENZIE, AND )<br>STATE TROOPER HENNIGAN )<br>    Defendants ) | | NO. 04-CV11557 |

**DEFENDANT, ALBERT MACKENZIE'S,**
**MOTION TO DISMISS**

Now comes the defendant, Trooper Al Mackenzie, pursuant to Fed. R. Civ. P. Rule 50, and requests that this honorable Court make a required finding that the Plaintiff, Joseph Book, has not provided the Court with a legally sufficient basis for finding in his favor on the claim of False Arrest against the defendant. As grounds for this request, the defendant asserts that his actions at the time of arrest do not amount to conduct that would make him jointly liable under state or federal law. *See* 42 U.S.C. §1983; M.G.L. c. 263, §3; *Hall v. Ochs*, 817 F.2d 920, 926 (1st Cir. 1987); *Mullen v. Town of Falmouth*, 1995 WL 464913 (D. Mass.).

I.   STATEMENT OF THE FACTS

As the Court will view the evidence in a light most favorable to the plaintiff for the purpose of this Motion, the defendant, Al Mackenzie, will rely on the facts as stated by the plaintiff in his Pre-Trial Memorandum, paragraphs D.8-10 and E.9. The plaintiff asserts that Trooper Kurt Ferrazanni assigned defendant, Trooper Al Mackenzie, to give the plaintiff filed sobriety tests. Trooper Mackenzie asked the plaintiff to perform the tests, and did not take any notes or write a report regarding the tests. Trooper Mackenzie

then reported to Trooper Ferrazanni that plaintiff failed the test. Trooper Ferrazanni, unaware of what tests were given, arrested the plaintiff. *See* Plaintiff's Pre-Trial Memorandum, section D, paragraphs 8-10. Plaintiff goes on to say that "the manner in which Ferrazanni and Mackenie conducted the field sobriety tests, and performed other aspects of their investigation was improper. [M]ackenzie kept no record of, and could not recall, which tests he administered. He did not inform Ferrazanni what tests had been given, or the results of the same, and Ferrazanni did not request this information before he made the decision that probable cause existed to charge Plaintiff with OUI." *See* Plaintiff's Pre-Trial Memorandum, section E, paragraph 9.

II.    ARGUMENT

The First Circuit Court of Appeals defined joint liability of police officers under 42 U.S.C. §1983, and said, "**when the defendants act together, the law permits the injured party to treat all concerned in the injury jointly; and all are liable to the plaintiff in a total sum as damages.**" *Hall v. Ochs*, 817 F.2d at 926. The court also cited the relevant state statute, M.G.L. c. 263, §3, applicable to the case, which says, "**No action, except for use of excessive force, shall lie against any officer other than the arresting officer, by reason of the fact that, in good faith and in the performance of his duties, he participates in the arrest or imprisonment of any person believe to be guilty of a crime unless it can be shown that such officer in the performance of his duties took an active part in the arrest or imprisonment as aforesaid, either by ordering or directing that said arrest or imprisonment take place or be made, or by actually initiating the making and carrying out of said arrest and imprisonment.**" *Id*.

*Hall v. Ochs*, is a case that involved claims against four officers for False Arrest and Imprisonment under both federal and state law. Two of the officers, Frederick Ochs and Leo Judge, were involved in the actual arrest, and both engaged in using physical means to execute the arrest. The two additional officers, James Rogers and Thomas Murphy, became involved with the Plaintiff at the station, where Lt. Murphy, after receiving Bancroft Hall's refusal to sign a waiver of his rights to sue the officers, instructed Officer Rogers, to book Bancroft Hall and put him in a cell, which Officer Rogers did. The court found all officers liable under federal law, but stated that Officers Judge and Rogers were entitled to a new trial on the state law arrest and imprisonment claims. Due to evidence that Officer Judge only assisted Officer Ochs in removing Mr. Hall from his vehicle after Officer Ochs made the decision to arrest Mr. Hall, and that Officer Rogers only acted at Lt. Murphy's direction the court vacated the jury's finding that these officers were jointly liable, as they did not take an "active part" in the arrest of Mr. Hall.

Similarly, in *Mullen v. Town of Falmouth*, the court found the two officers, against whom claims were filed, jointly liable, under federal and state law for False Arrest. Given the evidence presented that Officer Savioli conferred with Officer McManamin, explained to him that he wanted to arrest Carolyn Mullen, the Plaintiff, and that Officer McManamin "took an active part in effectuating the arrest," the court found "sufficient evidence from which a jury could reasonably find that Officer McManamin is jointly liable." *Mullen v. Town of Falmouth*, 1995 WL 464913 at 2.

The case presently before this Court differs from the above cases in that the actions of defendant, Al Mackenzie, were more limited than those of the officers in the

cases cited.  Trooper Mackenzie's involvement was confined to brief discussions with the Plaintiff, Joseph Book, and to his having plaintiff perform the field sobriety tests.  He then passed the information that plaintiff failed all tests to Trooper Ferrazanni, who made the decision to, and did in fact, arrest plaintiff.  Trooper Mackenzie had no physical involvement with plaintiff, and played no role in effectuating the arrest, unlike Officer MacManamin, *Id.*, and Officers Judge and Officer Rogers who, respectively, assisted in physically removing plaintiff from the vehicle for the purpose of arrest, and booked and placed plaintiff in the cell.  *Ochs* at 922.

In viewing the evidence, in a light most favorable to the plaintiff, as stated in his Pre-Trial Memorandum, defendant, Trooper Kurt Ferrazanni, effectuated the arrest of plaintiff after making a decision to arrest him that was only partially based on a limited amount of information from defendant, Trooper Mackenzie.  Trooper Ferrazanni and Trooper Mackenzie did not "act together," not did Trooper Mackenzie "participate in the arrest."  The facts as presented by the plaintiff amount to nothing more than insufficient evidence that would prevent a jury from reasonably finding, under state and federal law, that Trooper Mackenzie is jointly liable for False Arrest.

    Respectfully submitted,
    For the Defendant, Al Mackenzie,
    By his attorney,

    LAW OFFICES OF TIMOTHY M. BURKE

    _/s/ Timothy M. Burke_____
    Timothy M. Burke
    BBO # 065720
    160 Gould Street, Suite 111
    Needham, MA 02494-2300
    (781) 455-0707

### *CERTIFICATE OF SERVICE*

      I hereby certify that on this 22nd day of November, 2006, this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

Dated: ___11/22/06_____　　　　　　　___/s/ Timothy M. Burke_____