UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOSEPH BOOK )<br>)<br>　　Plaintiff, )<br>)<br>)<br>v. )<br>)<br>STATE TROOPER KURT M. FERRAZZANI, )<br>STATE TROOPER SMITH, STATE TROOPER )<br>McKENZIE, and STATE TROOPER HENNIGAN )<br>)<br>　　Defendants. )<br>_____) | C.A. NO. 04CV-11557-RCL |

**PLAINTIFF'S MOTION *IN LIMINE* TO EXCLUDE EVIDENCE CONCERNING
PLAINTIFF'S CONSUMPTION OF ALCOHOL**

Plaintiff Joseph Book ("Plaintiff") hereby moves *in limine* to bar Defendants from presenting evidence or cross-examining witnesses on whether Plaintiff consumed alcohol prior to the arrest giving rise to this case, or any other occasions. Such evidence or questioning is completely irrelevant to the issues to be determined at trial, and any attempt by Defendants to inquire into these issues would be highly prejudicial to Plaintiff and would mislead and confuse the jury. In support of this Motion, Plaintiff states as follows:

1.　　Plaintiff has brought this action for false arrest and violation of 42 U.S.C. § 1983 as a result of his arrest for operating while intoxicated ("OUI") following an automobile collision at approximately 4:00 pm on June 6, 2001. The fact that Plaintiff was not intoxicated is a matter of objective proof, and is undisputed: shortly after his arrest, Plaintiff was administered a breathalyzer test which demonstrated an alcohol level

#615905v1

of 00.00. Based on this result, Defendants were forced to dismiss the OUI charge against Plaintiff.

2. The central issue in dispute now is whether Defendants had probable cause to arrest Plaintiff and charge him with OUI. This inquiry turns on whether, based on the facts presented to Defendants, it was objectively reasonable to conclude that Plaintiff was intoxicated. The only relevant facts are those that were known by and/or available to Defendants prior to Plaintiff's arrest. Facts obtained subsequently, such as facts concerning whether on the day in question Plaintiff in fact consumed alcohol (which he did not, as the breathalyzer showed), are wholly irrelevant to the issue of probable cause.

3. Quite simply, whether Plaintiff was in fact intoxicated is not an issue for trial. As such, evidence of Plaintiff's general drinking habits, if any, or past alcohol consumption, even on the day of the accident, are completely irrelevant to the issues before this Court and should be excluded. See FED. R. EVID. 402 ("Evidence which is not relevant is inadmissible.")

4. Further, questioning Plaintiff and other witnesses about Plaintiff's alcohol consumption would be prejudicial to Plaintiff, and would create a risk of juror confusion. Accordingly, evidence on this issue should be excluded under Rule 403. See FED. R. EVID. 403 (even relevant evidence "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needles presentation of cumulative evidence.")

#615905v1

5. Such questioning would be prejudicial to Plaintiff, as it would suggest that the consumption of alcohol by him was at issue, and could have factored into the cause of the June 6 motor vehicle incident. These questions might also suggest, surprisingly, that there exists some reason to doubt the results of the breathalyzer relied on by Defendants. Finally, the questions could confuse the jurors and invite them to speculate, improperly, whether Defendants' liability in this case should depend on whether Plaintiff was drinking.

6. In summary, the danger of unfair prejudice that would inure to Plaintiff outweighs the probative value of this evidence which is none. As such that the evidence should be excluded at trial.

WHEREFORE, Plaintiff Joseph Book respectfully requests that this Court issue an Order precluding from trial the admission of evidence pertaining to his general drinking habits or past alcohol consumption, and any questioning relating to or eliciting the same.

Respectfully submitted,

JOSEPH BOOK
*By his attorneys*,

November 22, 2006

/s/ Christopher H.M. Carter
Christopher H.M. Carter
BBO #561146
Laura B. Angelini
BBO #658647
Hinckley, Allen & Snyder LLP
28 State Street
Boston, MA 02109
(617) 345-9000
ccarter@haslaw.com
langelini@haslaw.com

#615905v1

CERTIFICATE OF SERVICE

I hereby certify that on this 22nd day of November, 2006, this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

_____/s/ Christopher H.M. Carter_____

*#615905v1*