UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOSEPH BOOK )<br>    Plaintiff, )<br>)<br>)<br>v. )<br>)<br>STATE TROOPER KURT M. FERRAZZANI, )<br>STATE TROOPER SMITH, STATE TROOPER )<br>McKENZIE, and STATE TROOPER HENNIGAN )<br>)<br>    Defendants. )<br>_____ ) | C.A. NO. 04CV-11557-RCL |

**PLAINTIFF'S OBJECTION TO MOTION *IN LIMINE*
TO EXCLUDE EVIDENCE OF BREATHALYZER RESULTS**

Plaintiff Joseph Book ("Plaintiff") hereby objects to Defendants' Motion *In Limine* to bar evidence of the results of a breathalyzer test taken by Plaintiff immediately after his arrest on June 6, 2001. The breathalyzer test results are among the most critical evidence in this case. The results are necessary to explain why Defendants had to dismiss the Operating Under the Influence ("OUI") charge that formed the basis for Plaintiff's arrest; they are probative of the factual allegations cited by Defendants to support their probable cause determination; and they provide context for Defendants' highly suspect decision – after dismissing the OUI charge – to immediately charge Plaintiff with separate offenses of operating to endanger, failure to stop, and following too closely, even though Defendants did not have evidence to show that these charges were appropriate. In further support of this Objection, Plaintiff states as follows:

I. **FACTS**

1. This § 1983 case arises from Defendants' arrest of Plaintiff for OUI at approximately 4:00 PM on June 6, 2001. The arrest followed a motor vehicle accident in which a motorcycle operated by an off-duty police officer, Joseph Rizzuti, collided with Plaintiff's Ford Explorer. Plaintiff will show that when Defendants, who are State Troopers, arrived at the scene, they immediately learned that Rizutti was a police officer. From that point forward, they assumed Plaintiff was responsible for the incident, failed to investigate the events which caused Rizzuti to collide with Plaintiff's vehicle, and improperly manufactured grounds to arrest Plaintiff for OUI.

2. Only one police report, written by Defendant Kurt Ferrazzani, documents Defendants' investigation of the June 6 accident. That report cites the factors allegedly relied on by Defendants in deciding to charge Plaintiff with OUI.

3. The fact that Plaintiff was not intoxicated at the time of his arrest is undisputed and a matter of objective proof. At 5:15 PM on June 6, 2001, Plaintiff requested and was administered a breathalyzer test which demonstrated an alcohol level of 00.00. Based on this result, Defendants dismissed the OUI charge. However, stating that they had to charge Plaintiff with something, Defendants immediately charged him with separate offenses of driving to endanger, failure to stop, and following too close. Plaintiff will adduce evidence to show that Defendants brought these charges even though they did not have facts sufficient to show that the charges were appropriate.[1]

---

[1] For example, in his deposition in this case, Defendant Kurt Ferrazzani, who was in charge of the State Police investigation of the accident, testified as follows:
    Q:    Following too close. What facts did you rely on?
    A:    Well, Mr. Book had a motorcycle underneath the front of his car. I *assume* that he was a little too close to it. He was underneath the front end of his vehicle, so that's too close.
\*\*\*\*\*\*\*\*

II. **ARGUMENT**

4. The central issue in this § 1983 case is whether Defendants had probable cause to arrest Plaintiff and charge him with OUI. This inquiry turns on whether, based on the facts presented to Defendants, it was objectively reasonable to conclude that Plaintiff was intoxicated. The breathalyzer test results, which were adopted by Defendants, stand as objective proof that Plaintiff was *not* intoxicated at the time in question. The results are probative of the credibility of the observations documented by Defendants to support their decision to arrest Plaintiff. For example, Defendants' police report alleges that Plaintiff "failed all field sobriety test [sic]," smelled of alcohol, and appeared confused. Plaintiff refutes these allegations, and will adduce evidence demonstrating that they are not credible. The fact that, less than one hour after these observations allegedly were made, Plaintiff did not emit even a trace of alcohol when taking the breathalyzer test, is certainly probative of the facts cited by Defendants to establish probable cause.

5. Furthermore, the breathalyzer test results are critical to the jury's understanding of the events leading up to this lawsuit, including the reason why Defendants dismissed the OUI charges. It is axiomatic that in a § 1983 case based on false arrest, the reasonableness of the police conduct is measured by the facts giving rise

---

| | |
|---|---|
| Q: | Based on the fact that Mr. Rizzuti was pinned under the car, you reached the *assumption* that Mr. Book was following too close behind him? |
| A: | That's correct. |

********

| | |
|---|---|
| Q: | Do you know what happened before Mr. Book's car came in contact with the motorcycle? |
| A: | From witness statements. |
| Q: | Can you tell me in your own words before there was any contact between Mr. Rizzuti's [motorcycle] and Mr. Book's car what happened? |
| A: | Don't know. |

See Exhibit 1 (transcript of 9/15/06 deposition of Kurt M. Ferrazzani), pp. 210-12.

to the arrest, and the criminal offense charged. The manner in which the criminal matter was resolved is critical information for the jury to have a complete picture of the underlying facts. See Iacobucci v. Boulter, 193 F.3d 14, 18 (1st Cir. 1999) (dismissal of underlying criminal charge was among evidence analyzed in review of § 1983 action premised on false arrest and excessive force); Casillas-Diaz v. Palau, 463 F.3d 77, 80 (1st Cir. 2006) (same); Bilida v. McCleod, 211 F.3d 166, 169-70 (1st Cir. 2000) (same); Reid v. State of New Hampshire, 56 F.3d 332, 334 (1st Cir. 1995) (same); Davet v. Maccarone, 973 F.2d 22, 25 (1st Cir. 1992) (same).

6. Here, Defendants' decision to drop the OUI charges against Plaintiff was the direct result of the breathalyzer test results, and that information should be made available to the jury.

7. The authority cited in Defendants' Motion *in Limine* is inapposite. This case does not involve a judgment of acquittal, and it is undisputed that Plaintiff was innocent of the OUI charge, as evidenced by Defendants' voluntary dismissal of the charge after the breathalyzer test.[2] Defendants have identified no legal or logical basis to keep this critical evidence from the jury. The cases that they cite to have no relevance to the issues here. Neither involved a § 1983 claim. Neither involved a claim for false arrest. Green v. Richmond involved a quantum meruit action brought against the personal representative of the estate of a decedent to recover for services rendered by the plaintiff in reliance on the decedent's oral promise to leave a will bequeathing his entire estate to her. 369 Mass. 47, 48 (1975). The court held that a preliminary showing of reliability should have been required before the amount of inventory, which may or may

---

[2] M.G.L. c. 118B, § 8 requires that any person assisted by a police officer to a police station shall have the right, and be informed in writing of said right, to request and be administered a breathalyzer test. M.G.L. c. 118B, § 8.

not have been the value of the estate, was disclosed to the jury. Id. at 58-59. Groves v. Auto Owners Insurance Company is a case from the Eastern District of Tennessee, applying Tennessee law, involving a suit upon a fire policy. 459 F.Supp. 490, 490 (E.D. Tenn. 1978). The court held that evidence that the insureds had not been indicted for arson was inadmissible because a criminal charge of arson requires proof beyond a reasonable doubt, whereas proof of intentional burning of the insured property requires only proof by a preponderance of the evidence. Id. at 491. The holding was particular to insurance actions involving arson. Id.

WHEREFORE, the Plaintiff Joseph Book respectfully requests that this Honorable Court enter an Order:

A.  Denying Defendants Motion *in Limine* to Preclude Introduction of Breathalyzer Results; and

B.  Granting such other relief as is just and proper.

November 25, 2006

Respectfully submitted,

JOSEPH BOOK
*By his attorneys*,

/s/ Christopher H.M. Carter
Christopher H.M. Carter
BBO #561146
Laura B. Angelini
BBO #658647
Hinckley, Allen & Snyder LLP
28 State Street
Boston, MA 02109
(617) 345-9000
ccarter@haslaw.com
langelini@haslaw.com

#615925v1                                5

## CERTIFICATE OF SERVICE

I hereby certify that on this 25th day of November, 2006, this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

/s/ Christopher H.M. Carter