UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOSEPH BOOK )<br>    Plaintiff, )<br>)<br>v. )<br>)<br>STATE TROOPER KURT M. FERRAZZANI, )<br>STATE TROOPER SMITH, STATE TROOPER )<br>McKENZIE, and STATE TROOPER HENNIGAN )<br>)<br>    Defendants. )<br>) | C.A. NO. 04CV-11557-RCL |

**PLAINTIFF'S OBJECTION TO MOTION *IN LIMINE*
TO EXCLUDE HEARSAY/ADMISSIONS BY DEFENDANTS**

Plaintiff Joseph Book ("Plaintiff") hereby objects to Defendants' Motion *In Limine* to exclude evidence that Plaintiff's son, Michael Book, heard Defendants make statements of an incriminating nature concerning the events and charging decisions giving rise to this case. Plaintiff is fully prepared to establish the foundational requirements for the admission of this evidence, including the identity of the persons who made the statements, and Defendants' Motion should be denied. In further support of this Objection, Plaintiff states as follows:

1. Defendants' Motion concerns statements made by Defendants at Chelsea District Court, prior to the scheduled trial of the underlying criminal case against Plaintiff.[1] That case concerned a charge for operating to endanger that Defendants brought against Plaintiff on June 6, 2001, after voluntarily dismissing an OUI charge.

2. On the day in question, Michael Book, who is one of Plaintiff's four sons, had gone to Chelsea District Court to accompany his father to the criminal proceeding.

---

[1] Defendants' Motion characterizes the statements at issue as hearsay. However, the statements in fact constitute admissions by Defendants, and therefore are non-hearsay.

Mr. Book arrived at the Court before his father, and waited for a period of time in the courthouse lobby. While waiting, Mr. Book noticed several State Police Troopers standing nearby, and heard one of them make a statement to the effect of, "If we just stick to what's in the report, we'll be o.k." Later, when Mr. Book went into the courtroom with Plaintiff, he saw the same State Police Troopers. At that time, Plaintiff identified the officers as the individuals who were responsible for his arrest on June 6, 2001.

3. Defendants now seek to prevent Plaintiff from offering Mr. Book's testimony about this incident, and the statements he heard, because, they argue, he cannot identify the officers in question.[2] This argument is inaccurate. On November 17, 2006, Defendants' counsel deposed Mr. Book. During the deposition, Mr. Book recounted the incident described in paragraph 2, above.[3] When asked, Mr. Book provided a detailed description of the State Troopers he saw at Chelsea District Court, to include a description of the uniforms and hats worn by the officers. He also recounted that Plaintiff made a contemporaneous identification of the officers as the individuals responsible for his arrest.

4. At Mr. Book's deposition, Defendants' counsel did not show Mr. Book photographs of any of the named Defendants in this case, and no Defendant was present. This was unusual, since Defendant Ferrazzani and/or Defendant McKenzie had attended each of the seven prior depositions in this case. In hindsight, it would appear that Defense counsel purposely kept his clients from Mr. Book's deposition, in order to

---

[2] It is not surprising that Defendants seek to exclude evidence of these statements, which strongly support Plaintiff's theory that Defendants manufactured false allegations to support the criminal charge against Plaintiff.
[3] Undersigned counsel has not yet received the transcript from Michael Book's deposition.

prevent Mr. Book from then making the identification that, Defendants allege, cannot be done.

5.  Plaintiff is fully prepared to establish, as a foundation for Mr. Book's testimony, the facts demonstrating that the statements at issue were made by the Defendants involved in this case. As a result, Defendants' Motion should be denied.

WHEREFORE, the Plaintiff Joseph Book respectfully requests that this Honorable Court enter an Order:

A.  Denying Defendants Motion *in Limine* to Preclude Introduction of Hearsay; and

B.  Granting such other relief as is just and proper.

November 25, 2006

> Respectfully submitted,
>
> JOSEPH BOOK
> *By his attorneys*,
>
>  /s/ Christopher H.M. Carter
> Christopher H.M. Carter
> BBO #561146
> Laura B. Angelini
> BBO #658647
> Hinckley, Allen & Snyder LLP
> 28 State Street
> Boston, MA 02109
> (617) 345-9000
> ccarter@haslaw.com
> langelini@haslaw.com

CERTIFICATE OF SERVICE

I hereby certify that on this 25th day of November, 2006, this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

_____/s/ Christopher H.M. Carter_____