UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOSEPH BOOK )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>STATE TROOPER KURT M. FERRAZZANI, )<br>STATE TROOPER SMITH, STATE TROOPER )<br>McKENZIE, and STATE TROOPER HENNIGAN )<br>)<br>Defendants. ) | C.A. NO. 04CV-11557-RCL |

**PLAINTIFF'S PROPOSED SUPPLEMENTAL JURY INSTRUCTIONS**

Plaintiff Joseph Book ("Book") submits the following Proposed Supplemental Jury Instructions. Book reserves his right to supplement, amend, and/or withdraw any of the requested instructions prior to the charge of the jury.

#615943v1

# INSTRUCTION NO. 13

### Warrantless Arrest – Probable Cause

The Plaintiff claims that he was unlawfully arrested on June 6, 2001 without probable cause to believe he committed an offense. The Fourth and Fourteenth Amendments to the United States Constitution prohibit police officers from carrying out unreasonable seizures. An arrest is considered a "seizure" within the meaning of the Fourth Amendment. In this case, the defendant police officers did not have an arrest warrant. An arrest without an arrest warrant is presumptively unlawful. Whether the arrest was lawful depends upon whether the defendant police officers had "probable cause" to believe that the Plaintiff was committing or had committed an offense.

The critical question for you to decide is whether the defendant police officers had probable cause to arrest the Plaintiff for the offense of operating under the influence of alcohol.

What does the law mean by probable cause? Probable cause is not proof beyond a reasonable doubt or proof sufficient to convict. Probable cause exists when the facts and circumstances within the knowledge of the police officer at the time the arrest was made were sufficient to lead an ordinarily prudent police officer to conclude that an offense had been committed by the person arrested in the presence of the arresting officer. The issue is not whether Defendants subjectively believed there was probable cause. Rather, you evaluate whether probable cause existed using an objective standard, based on the totality of the circumstances viewed from the vantage point of a prudent, reasonable, cautious police officer.

The Plaintiff has the burden of establishing by a preponderance of the evidence that he was arrested without probable cause.

In order for you to determine whether the defendant police officers had probable cause to arrest the Plaintiff for operating under the influence, I shall instruct you as to the elements of this offense. The statute governing this offense states as follows:

> Whoever, upon any way or in any place to which the public has a right of access, or upon any way or in any place to which members of the public have access as invitees or licensees, operates a motor vehicle with a percentage, by weight, of alcohol in their blood of eight one-hundredths or greater, or while under the influence of intoxicating liquor…shall be punished by a fine of not less than five hundred nor more than five thousand dollars or by imprisonment for not more than two and one-half years, or both such fine and imprisonment.

If you determine that the Plaintiff established by a preponderance of the evidence that there was no probable cause to arrest him for this charge, then your verdict must be in favor of the Plaintiff and against the Defendants.[1]

---

[1] Schwartz and Pratt, Section 1983 Litigation, Volume 4 (2003), Instruction 8.01.1; M.G.L. c. 90 § 24; Iacobucci v. Boulter, 193 F.3d 14 (1st Cir. 1999).

#615943v1

# INSTRUCTION NO. 14

## Punitive Damages – Consideration of Defendants' Subsequent Behavior

I have already instructed you that the law permits you to award the plaintiff punitive damages in this case to punish the defendants if you find by a preponderance of the evidence that the conduct of the defendants that proximately caused injury or damage to the plaintiff was maliciously, or wantonly, or oppressively done, or was motivated by evil motive or intent, or involved reckless or callous indifference to the federally protected rights of the Plaintiff. In deciding whether or not to award punitive damages, you may consider not only the defendants actions and conduct on June 6, 2001 – the day of the accident in question – but also the defendants' subsequent behavior. For example, you may consider whether or not you believe that the defendants have testified truthfully at trial.[2]

---

[2] Hall v. Ochs, 817 F.2d.920, 927-28 (1st Cir. 1987); Casillas-Diaz v. Palau, 463 F.3d 77, 84 (1st Cir. 2006).

#615943v1

                                        Respectfully submitted,

                                        JOSEPH BOOK

                                        By his attorneys,

November 26, 2006                   /s/ Christopher H.M. Carter
                                        Christopher H.M. Carter
                                          BBO #561146
                                          Hinckley, Allen & Snyder LLP
                                          28 State Street
                                          Boston, MA 02109
                                          (617) 345-9000
                                          ccarter@haslaw.com


### CERTIFICATE OF SERVICE

I hereby certify that on this 26th day of November, 2006, this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

        /s/ Christopher H.M. Carter

#615943v1