UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOSEPH BOOK )<br>)<br>Plaintiff, )<br>)<br>)<br>v. )<br>)<br>STATE TROOPER KURT M. FERRAZZANI, )<br>STATE TROOPER SMITH, STATE TROOPER )<br>McKENZIE, and STATE TROOPER HENNIGAN )<br>)<br>Defendants. )<br>) | C.A. NO. 04CV-11557-RCL |

## PLAINTIFF'S OPPOSITION TO DEFENDANT MACKENZIE'S
## <u>MOTION TO DISMISS</u>

Plaintiff Joseph Book ("Plaintiff") hereby opposes Defendant MacKenzie's ("Trooper MacKenzie's") Motion To Dismiss. Although styled a "Motion To Dismiss," Trooper MacKenzie actually requests the Court make a required finding, pursuant to Fed. R. Civ. P. Rule 50, that Plaintiff has not provided the Court with a legally sufficient basis for finding in his favor on the claim of False Arrest. Trooper MacKenzie's motion is premature. As trial in this matter has not commenced and Plaintiff has not had the chance to offer any evidence in support of his claims, it is procedurally incorrect for Trooper MacKenzie to make this motion at this time. However, even if this motion were not procedurally defective, it still must be denied, as the evidence will show that Trooper MacKenzie played a central role in the decision to arrest Plaintiff, and was, in fact, the source of information relied on by Trooper Ferrazzani in arresting Plaintiff and charging

him with operating under the influence. In further support of this Opposition, Plaintiff states as follows:

A.  **The Motion Is Premature**

Rule 50 of the Federal Rules of Civil Procedure states as follows:

> **(a) Judgment as a Matter of Law.**
> (1) If during a trial by jury *a party has been fully heard on an issue* and there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue, the court may determine the issue against that party and may grant a motion for judgment as a matter of law against that party with respect to a claim or defense that cannot under the controlling law be maintained or defeated without a favorable finding on that issue.

Fed. R. Civ. P. R. 50(a) (emphasis added).

As trial in this matter has not even commenced yet, Plaintiff has not been fully heard on his false arrest claim against Trooper MacKenzie. The motion is premature and must be denied.

B.  **Officer MacKenzie's Played a Central Role in the Arrest of the Plaintiff**

However, even assuming, *arguendo*, that the motion is not premature, it still must be denied. It is clear from Trooper MacKenzie's own testimony that he played a key role in the decision to arrest Plaintiff. During his deposition, he testified in detail as to how he demonstrated and administered several field sobriety tests to Plaintiff and then informed the arresting officer, Trooper Ferrazzani, that he had formed the opinion that Plaintiff was operating under the influence. Upon learning this information, Trooper Ferrazzani arrested Plaintiff and charged him with operating under the influence. Officer MacKenzie testified as follows:

> A:   I asked him of he would do some field sobriety tests.
> Q:   And what did he say?
> A:   He said he would.
> Q:   And what happened then?

> A:  He did the field sobriety. I asked him to state the alphabet.
>
> \*\*\*\*\*
>
> Q:  What happened next?
> A:  Oh, the next test is the one-leg stand.
> Q:  And what happened with that?
> A:  I explained it and demonstrated it.
>
> \*\*\*\*\*
>
> Q:  What happened next?
> A:  Well, the next test is the nine-step heel-to-toe...I demonstrate the test, you know, try to keep your hands by your side, walk heel-to-toe on an imaginary line counting out loud each step, one, two, three. I normally demonstrate to three. I tell them when you get to nine, go, Nine, simply turn around, and use again an imaginary line and attempt to walk heel-to-toe for nine more steps, counting out loud with your hands by your side.
>
> \*\*\*\*\*\*
>
> A:  I formed the opinion that he was operating his motor vehicle under the influence after the tests...My opinion, he was under the influence...His age could have contributed, but my opinion was he was under the influence.
>
> \*\*\*\*\*
>
> Q:  What happened after the nine-step test?
> A:  I formed the opinion he was operating under the influence. Trooper Ferrazzani asked me. I told him that I formed the opinion that he was operating under the influence, and Mr. Book was placed under arrest at that point.

See Transcript of September 18, 2006 Deposition of Albert MacKenzie, pp. 87-96, attached hereto as Exhibit 1.

It is clear, then, from Officer MacKenzie's very own testimony that his role in administering the field sobriety tests, his determination that Plaintiff was under the influence, and his informing Trooper Ferrazzani of this opinion led directly to Plaintiff's arrest.

#615942v1                                3

Trooper Ferrazzani, himself, testified that he relied on Trooper MacKenzie's information and opinion in arresting Plaintiff and charging him with operating under the influence. Trooper Ferrazzani testified as follows:

Q: Did you, as the supervising trooper, direct Mr. MacKenzie to interview Mr. Book?
A: I don't recall.
Q: Was Trooper MacKenzie reporting to you on this day?
A: No.
Q: Were you given assignments at the scene?
A: No.

******

Q: What did you do next?
A: I spoke to Trooper MacKenzie and Trooper Smith.
Q: What did you talk to Trooper MacKenzie about?
A: About the situation.
Q: What did you and he discuss?
A: I asked Al if – you know, what he thought of interviewing Mr. Book, what he thought.
Q: What do you mean "what he thought"?
A: I asked him, Al, what's your opinion?

*******

Q: Who made the decision to charge Joe Book?
A: It was a collab – we all did.
Q: Did you obtain information – did you take care to find out what information the other troopers at the scene had obtained before you made the ultimate decision to charge Joe Book?
A: Yes.
Q: Did you take care to obtain the information obtained by Mr. MacKenzie?
A: Did I take what?
Q: Did you take care, attempt – did you attempt to obtain information --
A: Yes.
Q: -- from Trooper MacKenzie about what he learned form his interview with Book before you made the decision to charge Mr. Book with a crime?
A: Yes.
Q: What did Trooper MacKenzie tell you?
A: I asked Al what he thought. Al told me he could smell an alcoholic beverage on him, also.
Q: Do you remember him telling you that?
A: Yes.

>           *****
> Q: Your testimony is that you relied on the results of the field sobriety as one of the factors in making the decision to charge Mr. Book with a crime?
> A: That's correct.
>           *****

See Transcript of September 15, 2006 Deposition of Kurt M. Ferrazzani, pp. 124-133, attached hereto as Exhibit 2.

In fact, the Defendants concede in their Trial Brief that Trooper MacKenzie played a critical role in the decision to arrest Plaintiff:

> When Tpr. Ferrazzani returned to Mr. Book, Tpr. MacKenzie advised him that Mr. Book had failed all of the field sobriety tests. Tpr. Ferrazzani also asked if Tpr. MacKenzie had an opinion as to whether Mr. Book was under the influence. Tpr. Ferrazzani replied that he believed Mr. Book was under the influence. Tpr. Ferrazzani, based on all of the evidence then known to him, concluded that there was probable cause to believe that Mr. Book was under the influence, and placed Mr. Book under arrest for operating a motor vehicle while under the influence of intoxicating liquor (OUI).

See Defendants' Trial Brief, pp. 3-4.

As the above excerpts demonstrate, Troopers MacKenzie and Ferrazzani acted together in making the decision to arrest Plaintiff, and Plaintiff intends to and is prepared to offer evidence at trial that will demonstrate the nature and extent of Trooper MacKenzie's involvement in Plaintiff's arrest. The evidence will show that Trooper MacKenzie, did, indeed, engage in actions that would make him jointly liable under state or federal law for false arrest. See Mullen v. Town of Falmouth, 1995 WL 464913, at * 2 (D. Mass. 1995) ("under § 1983, when the defendants act together, the law permits the injured party to treat all concerned in the injury jointly; and all are liable to the plaintiff in a total sum as damages."); citing Hall v. Ochs, 817 F.2d 920, 926 (1st Cir. 1987). Accordingly, the motion should be denied.

#615942v1                                5

Dated: November 26, 2006

                                      Respectfully submitted,

                                      JOSEPH BOOK
                                      *By his attorneys*,

                                      /s/ Christopher H.M. Carter
                                      Christopher H.M. Carter
                                      BBO #561146
                                      Laura B. Angelini
                                      BBO #658647
                                      Hinckley, Allen & Snyder LLP
                                      28 State Street
                                      Boston, MA 02109
                                      (617) 345-9000
                                      ccarter@haslaw.com
                                      langelini@haslaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 26th day of November, 2006, this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

                /s/ Christopher H.M. Carter