UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOSEPH BOOK )<br>   Plaintiff, )<br>)<br>v. )<br>)<br>STATE TROOPER KURT M. FERRAZZANI, )<br>STATE TROOPER SMITH, STATE TROOPER )<br>McKENZIE, and STATE TROOPER HENNIGAN )<br>)<br>   Defendants. )<br>) | C.A. NO. 04CV-11557-RCL |

**PLAINTIFF'S OBJECTION TO MOTION *IN LIMINE*
TO PRECLUDE PLAINTIFF FROM ATTEMPTING TO INTRODUCE ANY
REFERENCE TO ANY DISCIPLINARY RECORD OF DEFENDANTS**

Plaintiff Joseph Book ("Plaintiff") hereby objects to Defendants' Motion *In Limine* To Preclude Plaintiff From Attempting to Introduce Any Reference to Any Disciplinary Records of Defendants. In support of this Objection, Plaintiff states as follows:

1. During his deposition, Defendant MacKenzie testified about two incidents when he received professional reprimands. On one of the occasions, Trooper MacKenzie was reprimanded for using expletives during a confrontation with a motorist. See September 18, 2006 Deposition of Albert MacKenzie, pp. 37-54, attached hereto as Exhibit 1.

2. Particular instances of conduct, though not the subject of criminal conviction, may be inquired into on cross-examination if probative of truthfulness or untruthfulness. FED. R. EVID. Rule 608 and Advisory Committee Notes.

3.   Here, Plaintiff claims that Defendants, including Trooper MacKenzie, violated his civil rights by, among other things, falsely arresting him, badgering him, accosting him and calling him a liar when he denied drinking alcohol.  See Complaint.

4.   The Defendants, including Trooper MacKenzie, deny these allegations, and the fact that Trooper MacKenzie has engaged in similar conduct vis-à-vis other motorists is probative of the issue of whether or not he is telling the truth about what happened on June 6, 2001.

5.   If Trooper MacKenzie, or any of the other Defendants, open the door to this issue, Plaintiff intends to cross-examine Trooper MacKenzie on his conduct that led to his professional reprimands.

WHEREFORE, the Plaintiff Joseph Book respectfully requests that this Honorable Court enter an Order:

A.   Denying Defendants Motion *in Limine* to Preclude Plaintiff From Attempting to Introduce Any Reference To Any Disciplinary Records of Defendants; and

B.   Granting such other relief as is just and proper.

November 26, 2006

Respectfully submitted,

JOSEPH BOOK
*By his attorneys*,

/s/ Christopher H.M. Carter
Christopher H.M. Carter
BBO #561146
Laura B. Angelini
BBO #658647
Hinckley, Allen & Snyder LLP
28 State Street

*#615962v1*                                   2

> Boston, MA 02109
> (617) 345-9000
> ccarter@haslaw.com
> langelini@haslaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 26th day of November, 2006, this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

_____/s/ Christopher H.M. Carter_____