UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOSEPH BOOK<br>    Plaintiff,<br><br>v.<br><br>STATE TROOPER KURT M. FERRAZZANI,<br>STATE TROOPER SMITH, STATE TROOPER<br>McKENZIE, and STATE TROOPER HENNIGAN<br><br>    Defendants. | C.A. NO. 04CV-11557-RCL |

**PLAINTIFF'S MEMORANDUM OF LAW REGARDING
SPOLIATION OF EVIDENCE AND DAMAGES**

Plaintiff Joseph Book ("Plaintiff") submits this Memorandum of Law on the issue raised in the telephonic conference of November 21, 2006 as to whether Plaintiff, in order to seek damages relating to Defendants' conduct in preventing Plaintiff from interviewing witnesses to the June 6, 2001 accident, must provide evidence that the "unknown" witnesses to the accident would have provided exculpatory information.

**A.   Failure to Preserve Evidence / Spoliation of Evidence**

Admittedly, this case provides an unusual set of facts and circumstances. However, the gravaman of the complaint is that Defendants unlawfully arrested Plaintiff, failed to investigate the true cause of the accident on June 6, 2001, and thereafter, charged Plaintiff with an unfounded offense in order to take care of one of their own. Plaintiff alleges that he has suffered damage as a result of these actions.

2.   Defendants should not be permitted to benefit from their misconduct – in particular, their unlawful detention of Plaintiff, and their failure to investigate the true cause of the accident. The evidence will show that when they charged Plaintiff, and even to this day,

Defendants <u>assumed</u> Plaintiff was responsible for the accident, and did not attempt to answer the single most important question arising from this accident: were the motorcycles involved in the accident swerving in and out of a line of stopped traffic before cutting in front of Plaintiff's vehicle? Defendants have admitted that if this was the case, the motorcyclists, not Plaintiff, would be at fault.

Plaintiff was immediately detained at the scene, and Defendants prevented him from asking motorists behind his car where the motorcycles came from. As a result, it is impossible for Plaintiff to identify who the other witnesses are, and describe the information they could have provided. However, Plaintiff should not be shouldered with the insurmountable burden of demonstrating the harm or prejudice that he has suffered as a result of the Defendants' actions and inactions. See In re Napster, Inc. Copyright Litigation, MDL 00-1369 MHP (October 24, 2006) ("As the party at fault for failing to preserve emails, [defendant] would typically bear the consequences of this uncertainty."); citing National Ass'n of Radiation Survivors v. Turnage, 115 F.R.D. 543, 557 (N.D. Cal. 1987) (holding that where the relevance and resulting prejudice from destruction of documents cannot be clearly ascertained because the documents no longer exist…the culpable party can hardly assert any presumption of irrelevance as to the destroyed documents) (citations omitted).

Among other things, Plaintiff alleges that the Defendants failed to interview witnesses to the accident – witnesses whom the Plaintiff has reason to believe would have provided exculpatory evidence in the form of testimony that the Plaintiff was not at fault in the accident. Thus, the Defendants effectively prevented Plaintiff from obtaining what Plaintiff has a good faith basis for believing would be critical, exculpatory evidence.

Placing the burden on Plaintiff to demonstrate the exculpatory testimony of those unknown witness, leaves Plaintiff in the untenable position. The unknown witnesses, much like an original physical document, have been "lost" without the Plaintiff ever having the opportunity to examine them. This is exactly the result Defendants intended. Defendants now seek to be shielded from liability by their own intentional violation of Plaintiff's constitutional rights.

The fault for the failure to preserve this evidence should be placed squarely upon Defendants and treated as an intentional spoliation of evidence. Generally speaking, the doctrine of spoliation allows a court to impose sanctions and remedies for the destruction of evidence based on the premise that a party who has negligently or intentionally lost or destroyed evidence known to be relevant for an upcoming legal proceeding should be held accountable for any unfair prejudice that results." See Wiedmann v. The Bradford Group, Inc., 444 Mass. 698, 705 (2005), quoting Keene v. Brigham & Women's Hosp., Inc., 439 Mass. 223, 234 (2003) (default appropriate against hospital that lost records critical to plaintiff's case); Kippenhan v. Chaulk Servs., Inc., 428 Mass. 124, 127 (1998) (spoliation sanction appropriate where reasonable person would realize that evidence might be relevant to possible action).

In the spoliation context ... "a judge has broad discretion to impose a variety of sanctions against the defendant for the breach of [a] statutory duty....." Keene v. Brigham & Women's Hosp., Inc., 439 Mass. at 235. "[E]xclusion of evidence both sanctions the party responsible for destroying certain evidence and remedies the unfairness that such spoliation created." Gath v. M/A-Com, Inc., 440 Mass. 482, 488 (2003). In sum, the doctrine seeks to "level the playing field" by recognizing that the Plaintiff should not be penalized for *Defendants'* conduct.

Plaintiff notes the case of Hibbits v. Sides, 34 P.3d 327 (Alaska 2001), where the Plaintiff alleged that a state trooper removed a truck driver from an accident scene for approximately two

3

hours because the Trooper wanted to hide evidence of the truck driver's marijuana use and thus protect him from civil liability. The Hibbits court found that the alleged facts set forth a tortious claim for "intentional third-party spoliation of evidence." Id. While Massachusetts has not yet recognized the existence of this separate and distinct tort for spoliation, see Fletcher v. Dorchester Mut. Ins. Co., 437 Mass. 544, 549-50 (2002), the Court has recognized the need for a remedy within the context of the underlying civil action. Id. The imposition of such a remedy must also take into account the party responsible for the spoliation.

"When considering the degree of prejudice suffered by the party that did not destroy the evidence, the court should take into account whether that party had a meaningful opportunity to examine the evidence in question before it was destroyed." Paramount Pictures Corp. v. Davis, Civil Action No. 05-0316, at *19 (E.D.Pa. December 2, 2005) (holding that Paramount was prejudiced by destruction of evidence because it had not and would not have a chance to examine the lost evidence, and because there were no other means of retrieving the lost information); citing In re Wechsler, 121 F.Supp.2d 404, 416 (D. Del. 2000) ("[W]hen one side is completely deprived of the opportunity to inspect the evidence because it was destroyed after the other side had a chance to examine it, then sanctions for spoliation are generally appropriate.")

## B. Damages

One of the proximate causes of the Defendants' conduct is that Plaintiff – who was left without any witnesses to defend his case – was forced to settle the civil action brought against him by Officer Rizzuti. Plaintiff has a good faith basis for believing that had he not been denied access to witnesses and evidence, he never would have been put in the position where he was forced to settle the civil suit.

Proximate cause is that cause which, in natural and continuous sequence, unbroken by an efficient intervening cause, produces the injury, and without which the result would not have occurred. Roney v. Wendy's Old Fashioned Hamburgers of New York, Inc., 2006 WL 696251, at *10 (D. Me. 2006) (citations omitted). Proximate cause means that Plaintiff's injuries were within reasonable foreseeable risks of harm created by the Defendants. See McIntyre v. United States, 447 F.Supp.2d 54 (D. Mass. 2006).

The June 6, 2001 accident resulted in a civil (and criminal) action against the Plaintiff. Had Plaintiff not been prevented from interviewing witnesses at the scene – or had the Defendants not failed to preserve evidence or adequately investigate the cause of the accident, Plaintiff would have been able to defend himself against the civil action, and would not have been forced to pay out a large amount in settlement.

Plaintiff's damages in this action include the amount he paid in settlement of the civil case, and the Defendants' misconduct was the proximate cause of those damages.

Respectfully submitted,

JOSEPH BOOK
*By his attorneys*,

/s/ Christopher H.M. Carter
Christopher H.M. Carter
BBO #561146
Hinckley, Allen & Snyder LLP
28 State Street
Boston, MA 02109
(617) 345-9000
ccarter@haslaw.com

Dated: November 27, 2006

## CERTIFICATE OF SERVICE

I hereby certify that on this 27th day of November, 2006, this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

_____/s/ Christopher H.M. Carter_____