UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOSEPH BOOK,           )<br>    Plaintiff              )<br>                              )<br>VS                          )<br>                              )<br>STATE TROOPER KURT M.    )<br>FERRAZZANI, STATE TROOPER SMITH )<br>STATE TROOPER MCKENZIE, AND   )<br>STATE TROOPER HENNIGAN   )<br>    Defendants           ) | NO. 04-CV11557 |

___

DEFENDANTS' PROPOSED SUPPLEMENTAL
INSTRUCTION RELATED TO INTRODUCTION OF
BREATHALYZER RESULTS

___

The Court has requested a proposed jury instruction related to the introduction of the breathalyzer results. M.G.L. c.24, § (1) (a) (1), as in effect at the relevant time, made it a crime to operate …"a motor vehicle while under the influence of intoxicating liquor…" while on a public street.[1] Section (e) of that statute states:

> In any prosecution for a violation of paragraph (a), evidence of the percentage, by weight, of alcohol in the defendant's blood at the time of the alleged offense, as …indicated by a chemical test or analysis of his breath, shall be admissible and deemed relevant to the determination of the question of whether such defendant was at such time under the influence of intoxicating liquor; ….If such evidence is that such percentage was five one-hundredths or less, there shall be a permissible inference that such defendant was not under the influence of intoxicating liquor, and he shall be released from custody forthwith, but the officer who placed him under arrest shall not be liable for false arrest if such police officer had reasonable grounds to believe that the person arrested had been operating a motor vehicle upon any such way or place while under the influence of intoxicating liquor….if

___

[1] As currently written the same statute also makes it a crime to operate a motor vehicle with a blood alcohol level of .08 or higher.

such evidence is that such percentage was more than five one-hundredths but less than eight one-hundredths there shall be no permissible inference; and if such evidence is that such percentage was eight one-hundredths or more, there shall be a permissible inference that such defendant was under the influence of intoxicating liquor.

Defendants specifically reserve their prior objection to the introduction to of the breathalyzer results. They further call the Court's attention to <u>Finnucane v. Town of Belchertown</u>, 808 F.Supp 906 (Mass. 1992) where defendant police officers were granted summary judgment on a false arrest claim despite the fact that the plaintiff in that case had registered a .00 on a breathalyzer after her arrest for operating under the influence of alcohol.

Defendants propose the following supplemental jury instruction:

## PROPOSED INSTRUCTION

Yesterday I told you that this case involved the question of whether there was probable cause to arrest Mr. Book for operating his motor vehicle while under the influence of alcohol. I also gave you a preliminary instruction on the issue of probable cause. As part of that instruction I told you that the probable cause must be determined based upon the information that was available at the time of the arrest and that the standard for probable cause involved far less evidence than the standard of proof required for a conviction.

After Mr. Book was arrested he was taken to the State Police Barracks and offered the right to take a test on a machine commonly referred to as a breathalyzer. The machine registers the percentage of alcohol in the blood at the time of the test. The parties agree that the results of that test were a .00, and that the charge of operating under the influence of alcohol was dropped because of

that test result.  The police officers did not have the results of the breathalyzer at the time they made the decision to arrest Mr. Book.  Therefore, the results of that test by themselves have no bearing on whether a reasonable person could have believed that there was probable cause to arrest at the time the arrest was made.  However, there is a dispute between the parties about what the arresting officers actually observed, including whether Mr. Book had any odor of alcoholic beverage or had consumed any alcohol.  You may consider the results of the breathalyzer if you find them probative of whether Mr. Book had consumed any alcohol or whether he had any odor of any alcoholic beverage.  In making this determination it is up to you to decide what weight, if any, to put on the results of the breathalyzer.

With regard to the breathalyzer test Massachusetts law requires that police officers offer a breathalyzer test to any person arrested for operating under the influence of alcohol.  The law at the time of Mr. Book's arrest required that any person registering a .05 or less be released immediately.

I also must instruct you that there will be no expert testimony as to the meaning of a .00 on a breathalyzer.  A .00 may mean that the level of alcohol is below the minimum that the machine is meant to register.  It may also mean that between the time of the arrest and the time of the test the individual's blood alcohol dropped below the minimum for the machine to register.  Since there is no evidence of what a .00 reading means, you may not presume that it proves that Mr. Book had not ingested any alcohol.

Respectfully submitted,

Defendant Kurt Ferrazzani
By his counsel,

/s/ Brian Rogal
Brian Rogal, Esquire
BBO No. 424920
160 Gould Street, Suite 111
Needham, MA  02494
781-455-8964

Defendant Albert McKenzie
By his counsel,


/s/ Timothy M. Burke
Timothy Burke, Esquire
BBO No. 065720
160 Gould Street, Suite 111
Needham, MA  02494
781-455-0707


Certificate of Service

Service is made via the Court's ECF notification system.