UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOSEPH BOOK,    )  <br>     Plaintiff    )  <br>                    )   | |
| VS                )  | NO. 04-CV11557 |
|                    )   | |
| STATE TROOPER KURT M.    ) <br> FERRAZANNI, STATE TROOPER    ) <br> ALBERT MCKENZIE    ) <br>     Defendants    )   | |

_____

### DEFENDANTS' PROPOSED CURATIVE INSTRUCTION
_____

Defendants request that the Court give a curative instruction regarding the inappropriate and misleading use by counsel of a document to question defendant McKenzie. Defendants propose the following instruction:

PROPOSED INSTRUCTION

Yesterday counsel for the plaintiff approached Mr. McKenzie with two documents, one of which was a single page with the Massachusetts State Police logo on it and the words "Student Manual" printed on it. Counsel for the plaintiff only showed Mr. McKenzie and the defense counsel that single page. Mr. McKenzie was not shown or asked to identify the other, much larger document. Counsel for the plaintiff then asked Mr. McKenzie several questions where it was apparent that he was reading from the larger document, with the suggestion that it was a manual created by the National Highway Traffic Safety Administration. The impression given was that he was reading from a manual created by this federal agency and that this was part of a student manual given to state police officers.

This was not true.

The document which plaintiff's counsel was reading from was not part of any document issued by the State Police let alone one that was taught to Trooper McKenzie. Plaintiff's counsel also failed to establish any basis for that document to be considered authoritative on any issue related to field sobriety testing. Plaintiff's counsel cannot read from a document that is not in evidence and which has not been shown through proper proof to be recognized as authoritative.

It was inappropriate for Plaintiff's counsel to have read from that document. He should not have asked Mr. McKenzie any questions which suggested that the document is an authoritative text or that it was part of any document issued by the State Police or part of any document that had been taught to Mr. McKenzie. I have stricken from the record, and instruct you to disregard, each of the questions that plaintiff's counsel asked Mr. McKenzie about agreeing with statements about how a field sobriety test should supposedly be conducted. I further instruct you that there is no basis to consider any of those statements that he read to be authoritative and there is no basis to consider the document he was holding in his hand to be authoritative or to represent in any way the opinion of any governmental organization about the right way to conduct field sobriety tests. There is simply no proof that would support the statements he made and they must be disregarded in their entirety.

Respectfully submitted,

Defendant Kurt Ferrazani
By his counsel,


/s/ Brian Rogal
Brian Rogal, Esquire
BBO No. 424920
160 Gould Street, Suite 111
Needham, MA  02494
781-455-8964

Defendant McKenzie
By his counsel,


/s/ Timothy Burke
Timothy Burke, Esquire
BBO No. 065720
160 Gould Street, Suite 111
Needham, MA  02494
781-455-0707


Certificate of Service

Service of this document is made via the courts ECF system.