UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOSEPH BOOK )<br>Plaintiff, )<br>)<br>v. )<br>)<br>STATE TROOPER KURT M. FERRAZZANI, )<br>STATE TROOPER SMITH, STATE TROOPER )<br>McKENZIE, and STATE TROOPER HENNIGAN )<br>)<br>Defendants. )<br>_____ ) | C.A. NO. 04CV-11557-RCL |

### PLAINTIFF'S MEMORANDUM REGARDING QUESTIONING OF TROOPER McKENZIE ON NHTSA MATERIALS

Plaintiff Joseph Book ("Plaintiff") respectfully submits this Memorandum to better articulate undersigned counsel's purpose and intent in questioning Defendant Albert McKenzie regarding the Massachusetts State Police Student Manual (the "Student Manual") and standards issued by the National Highway Traffic Safety Administration ("NHTSA"), the federal agency that developed the standard field sobriety test battery. Counsel did not intend to create confusion regarding the documents, and regrets if this occurred. In addition, counsel has determined that the Student Manual both references, and describes, NHTSA findings concerning the risks of using certain field sobriety tests when a subject is over 65 years of age or has limited mobility. Plaintiff submits that this new information provides important context to evaluate whether NHTSA standards may be used to question McKenzie.

**A.    Purpose and Intent of Cross-Examination**

First, undersigned counsel apologizes for any misimpression and/or confusion created by the cross-examination of McKenzie about NHTSA standards.[1] (The standards at issue are set

---

[1] As discussed below, the NHTSA was responsible for the development of the standardized field sobriety test battery that is used in Massachusetts and virtually all other states.

#617156v1

forth in a 1981 Final Report by the NHTSA entitled "Development and Field Test of Psychophysical Tests For DWI Arrest." A copy of the NHTSA Report is attached as **Exhibit A**.) Counsel did not intend this result, and was completely unaware that when questioning McKenzie about the NHTSA standards, there was a risk that the jury could have understood that those standards were contained with the Massachusetts State Police Student Manual ("Student Manual").

By showing McKenzie the first page of the Student Manual, counsel sought to ascertain if McKenzie could confirm that training materials he received at the State Police Academy were – as the cover of the Student Manual states – issued by the NHTSA, thereby establishing McKenzie's familiarity with the NHTSA. Counsel's recollection is that McKenzie responded in the affirmative to this point. This response provided the necessary link to counsel's subsequent, foundational questions about whether McKenzie was aware that the NHTSA established standards on field sobriety testing. It is counsel's recollection that McKenzie responded he was aware that NHTSA did this. Through these questions, counsel was attempting to establish a foundation for questioning McKenzie about his awareness of NHTSA standards concerning limits on the use of two components of the Standard Field Sobriety Test ("SFST") battery, the walk-and-turn, and the one-leg stand, when suspects are over 65 years of age or have mobility problems.

Through this line of questioning, counsel was in no respect seeking to mislead the Court, defense counsel, or the jury, and apologizes if the questions created this result.

Counsel has since learned that the Student Manual actually references, and summarizes, the NHTSA studies that produced the standards used to question McKenzie. In describing the one-leg stand, the Student Manual states:

> One-Leg Stand requires a reasonably dry, hard, level, and non-slippery surface. Suspect's safety should be considered at all times. ***The original research indicated that certain individuals over 65 years of age, back, leg or middle ear problems, or people who are overweight by 50 or more pounds had difficulty performing this test.*** Individuals wearing heels more than 2 inches high should be given the opportunity to remove their shoes.

See **Exhibit B** (Excerpt of Student Manual, p. A.IV-65) (emphasis added).[2] As discussed below, the "original research" referenced in the Student Manual means studies performed by the NHTSA that are reflected in the NHTSA Report used to question McKenzie.[3]

**B.    Relevance of the NHTSA Standards**

The NHTSA is responsible for the field sobriety tests used by the Massachusetts State Police. The SFST battery, including the walk-and-turn test and the one-leg stand, "were developed on behalf of the National Highway Transportation Safety Administration ("NHTSA") beginning in the 1970's." See United States v. Horn, 185 F. Supp.2d 530, 535 (D. Md. 2002). The NHTSA battery are now "used in all 50 states," and "have become the standard pre-arrest procedures for evaluating DWI in most law enforcement agencies." See U.S. Department of Transportation, NHTSA, "Development of a Standardized Field Sobriety Test Training Management System," available at http://www.nhtsa.dot.gov/people/injury/alcohol/SFST/introduction.htm (copy attached as **Exhibit C**).

The SFST battery is discussed "in detail by a series of NHTSA publications," *to include* the NHTSA Report used in questioning McKenzie. Horn, 185 F. Supp.2d at 536. As the District Court explained in Horn:

---

[2] This excerpt of the Student Manual is contained in an M.C.L.E. treatise entitled "Trying OUI Cases In Massachusetts," by The Hon. Kenneth J. Cote, Jr. et al., 2004. Plaintiff has arranged to obtain a copy of the current version of the Massachusetts State Police Student Manual, and anticipates having a copy of the Court's review on December 1, 2006.
[3] The NHTSA developed and issued the Student Manual which is used for training in Massachusetts and other states.

3

> [The NHTSA reports] are very significant, as they have been cited repeatedly by the state courts in their opinions regarding the admissibility of SFSTs in connection with the assessment of the reliability of the SFSTs and their general acceptance within the law enforcement and traffic safety communities.

Id. at 536.

Given that the NHTSA developed the SFST battery, and that NHTSA standards are referenced in the Student Manual, Plaintiff submits that the NHTSA Report describing these standards may appropriately be used to cross-examine McKenzie. The NHTSA Report meets the requirements of a learned treatise, and may be used pursuant to Fed.R.Ev. 803(18) to cross-examine McKenzie. See Federico v. Ford Motor Company, 67 Mass.App.Ct. 454, 458-59 (2006) (recognizing NHTSA report as learned treatise admissible for purposes of cross-examining expert).

The issue also has been raised whether McKenzie may be cross-examined with a learned treatise, as Defendants have not identified McKenzie as an expert. However, on the issue of field sobriety testing, Defendants have already represented to the jury that McKenzie has particularized training, knowledge and experience in performing these tests, and possessed the requisite skill and judgment to administer the tests, and form a credible opinion about their results. Given this, use of a learned treatise like the NHTSA Report to cross-examine McKenzie about the discrete, and highly relevant issue of the standards governing the administration of SFSTs, should be allowed.

4

                        Respectfully submitted,

                        JOSEPH BOOK
                        *By his attorneys*,

                        /s/ Christopher H.M. Carter
                        Christopher H.M. Carter
                        BBO #561146
                        Hinckley, Allen & Snyder LLP
                        28 State Street
                        Boston, MA 02109
                        (617) 345-9000
                        ccarter@haslaw.com

Dated: November 30, 2006

## CERTIFICATE OF SERVICE

    I hereby certify that on this 30th day of November, 2006, this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

                  /s/ Christopher H.M. Carter