UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOSEPH BOOK,<br><br>　　Plaintiff,<br><br>v.<br><br>STATE TROOPER KURT M. FERRAZZANI,<br>STATE TROOPER SMITH, STATE TROOPER<br>McKENZIE, and STATE TROOPER HENNIGAN<br><br>　　Defendants. | C.A. NO. 04CV-11557-RCL |

**PLAINTIFF'S MOTION FOR LEAVE TO AMEND THE COMPLAINT
TO CONFORM TO THE EVIDENCE**

Pursuant to Rule 15(b) of the Federal Rules of Civil Procedure, Plaintiff Joseph Book ("Plaintiff") hereby moves for leave to amend the Complaint to conform to the evidence presented at trial. In particular, Plaintiff seeks to amend the Complaint to seek punitive damages in connection with his false arrest and 42 U.S.C. § 1983 claims. In support of this Motion, Plaintiff states as follows:

1.　When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. Fed.R.Civ.P. 15(b). Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, even after judgment. Id.

2.　Rule 15(b) by its terms requires amendment of the pleadings whenever an issue has been tried by express or implied consent absent prejudice to one of the parties,

#617580v1

such as requiring the presentation of additional evidence. See Noonan v. Rauh, 119 F.3d 46, 52 (1st Cir. 1997); citing Scullay Signal Co. v. Electronics Corp. of America, 570 F.2d 355, 362 (1st Cir. 1977).

3. The term "unfair prejudice" refers to whether a party "had a fair opportunity to defend and whether he could offer any additional evidence of the case were to be retried on a different theory." Noonan v. Rauh, 119 F.3d at 52; citing Browning Debenture Holders' Comm. V. DASA Corp., 560 F.2d 1078, 1086 ( Cir. 1977) (quoting 3 james Wm. Moore et al., Moore's Federal Practice ¶ 15.13[2], at 993 (2d ed. 1966)).

4. Leave to amend should be permitted here because no prejudice will result to the Defendants. Plaintiff does not seek to amend the Complaint to include new or different causes of action. Rather, Plaintiff seeks only to amend the Complaint to add a prayer for an additional type of damages; namely, punitive damages.

5. First Circuit law holds that a jury may award punitive damages if it finds by a preponderance of the evidence that the conduct of one or both of the defendants that proximately caused injury or damage to the plaintiff was maliciously, or wantonly, or oppressively done, or was motivated by evil motive or intent, or involved reckless or callous indifference to the federally protected rights of the Plaintiff. See Casillas-Diaz v. Palau, 463 F.3d 77, 84 (1st Cir. 2006); Hall v. Ochs, 817 F.2d.920, 927-28 (1st Cir. 1987).

6. Plaintiff has offered evidence at trial from which a jury could find that Trooper McKenzie recklessly or with callous indifference misrepresented Plaintiff's performance on field sobriety tests to Trooper Ferrazzani – knowing that Trooper

#617580v1

Ferrazzani, the officer in charge of the accident scene, would rely on Trooper McKenzie's report of Plaintiff's performance.

7. Specifically, Plaintiff has offered evidence at trial from which a jury could find that Trooper McKenzie reported to Trooper Ferrazzani that Plaintiff "failed all test[s]" despite the fact that Plaintiff had explained to Trooper McKenzie that he could not perform the heel-to-toe test due to his age and physical condition – and despite the fact that Trooper McKenzie testified at trial that a refusal to perform a field sobriety test for that very reason would not be held against a suspect.

8. Plaintiff has offered evidence at trial from which a jury could find that Trooper Ferrazzani was reckless and callously indifferent to Plaintiff's constitutional rights by accepting at face value a conclusory statement that an 80-year old man who had difficulty walking due to a physical ailment <u>failed all field sobriety tests</u> – without inquiring into the details supporting that statement – and then relying on that statement, at least in part, in arresting Plaintiff for Operating Under the Influence.

9. Plaintiff has also offered evidence at trial from which the jury could find that Defendants acted recklessly and with callous indifference to Plaintiff's constitutional rights by unreasonably and unnecessarily detaining him, browbeating him, and, ultimately, trumping up charges against him because the victim of the accident was a police officer.

10. Plaintiff has offered evidence at trial from the jury could find that Defendants lied about answers given by Plaintiff at the scene of the accident.

11. In other words, Plaintiff's theory of the case involves allegations of misconduct that – if accepted by the jury – would certainly rise to the level of misconduct warranting punitive damages under First Circuit law.

12. The Defendants would suffer no prejudice from the proposed amendment. The proposed amendment would not require the Defendants to offer any additional evidence as the demand for punitive damages simply flows from the evidence offered at trial – evidence that the Defendants have had a fair opportunity to defend against, and, indeed, have defended against throughout the course of the trial.

13. To the contrary, by rigorously defending against such allegations of misconduct, Defendants have consented to the issue of punitive damages.

WHEREFORE, Plaintiff Joseph Book respectfully requests that this Court issue an Order allowing him to amend the Complaint in this matter to include a request for punitive damages in connection with his false arrest and 42 U.S.C. § 1983 claims.

Respectfully submitted,

JOSEPH BOOK
*By his attorneys*,

December 5, 2006

/s/ Christopher H.M. Carter
Christopher H.M. Carter
BBO #561146
Laura B. Angelini
BBO #658647
Hinckley, Allen & Snyder LLP
28 State Street
Boston, MA 02109
(617) 345-9000
ccarter@haslaw.com
langelini@haslaw.com

*#617580v1*

## CERTIFICATE OF SERVICE

I hereby certify that on this 5th day of December, 2006, this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

_____/s/ Christopher H.M. Carter_____

*#617580v1*