## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOSEPH BOOK,<br>    Plaintiff | )<br>)<br>) |
| VS | )<br>)    NO. 04-CV11557 |
| STATE TROOPER KURT M.<br>FERRAZANNI and STATE TROOPER<br>MCKENZIE,<br>    Defendants | )<br>)<br>)<br>)<br>) |

---

### DEFENDANTS' MOTION FOR JUDGMENT AS A MATTER OF LAW

---

Now come the defendants and move this Court pursuant to F.R.C.P. 50 to enter judgment

as a matter of law in their favor as the evidence establishes that there was probable cause to

arrest the plaintiff for operating under the influence of alcohol at the time the arrest was made.

The evidence establishes that plaintiff's Ford Explorer collided with a large Harley

Davidson motorcycle, with the result that the motorcycle operator was pinned under plaintiff's

vehicle. The plaintiff concedes that the accident occurred in stop and go traffic in daylight and

states that he was only moving a few miles per hour. There is no reason that he would not have

been able to see the motorcycle.

When defendants arrived the plaintiff was unable to explain how the accident occurred.

The plaintiff denied that the motorcycle had been in front of him and stated that he did not see it

until after contact was made. He had no idea where it came from. Plaintiff also did not see Ms.

McDonald arrive and begin to administer aid, although this was directly in front of his car.

1

Given the position of the motor cycle operator it was evident that the operator was injured, and that the injuries were likely serious. The plaintiff stated that he braked immediately on contact and came to a stop, that he kept his foot on the brake and that his SUV had then been pulled forward by the motorcycle. Plaintiff's explanation defied logic, and was inconsistent with the evidence at the scene. Defendants could reasonably infer that plaintiff's statements, including claimed assertion that he did not know where the motorcycle came from, was evidence that his ability to operate a motor vehicle was impaired. Plaintiff admits that on at least one occasion when he was asked if he had anything to drink he responded that he may have had a sip. Defendants could reasonably have understood that response to mean a sip of alcohol. Plaintiff concedes that he understood the question to refer to consumption of alcohol. If he had a sip of alcohol he cannot maintain that he did not have an odor of an alcoholic beverage. Plaintiff also conceded that at one point he responded that "maybe he did, maybe he didn't" have a drink. A reasonable person could find this to be an admission, and police officers are reasonable if they conclude that drivers often under-report how much they have had to drink, but never over-report their consumption.

Plaintiff admits that he was asked to do at least one field sobriety test, and that he refused, stating that he could not walk a line. Defendants could note that an individual who had just played a round of golf would likely be able to walk nine steps, and they reasonably could take his refusal (accepting plaintiff's version of events) as evidence that he knew he was impaired. A reasonable person, based upon these facts, could believe that the plaintiff was operating under the influence of alcohol.

Defendants have testified that witnesses told them that the plaintiff first hit one motorcycle and then hit Mr. Rizzutti's motorcycle, that plaintiff pushed Mr. Rizzutti's

2

motorcycle for some distance before he knocked it over, and that plaintiff continued to push the motorcycle for some distance before running it into the vehicle ahead. Plaintiff has produced no evidence that would contradict defendants' testimony that they were given this description at the scene. Defendants could reasonably believe that this description indicated a driver who was so impaired that he did not know that he had struck and was pushing a motorcycle and driver, particularly given the lack of any other explanation.

There is no evidence that defendant McKenzie arrested the plaintiff. As to defendant Ferrazzani, plaintiff's trial brief concedes that Tpr. McKenzie told him that the plaintiff had been administered field sobriety tests and failed them. Tpr. Ferrazzani was entitled to rely on information that he received from another police officer. A reasonable person could conclude that the plaintiff was under the influence of alcohol if he was advised that the plaintiff had failed the field sobriety tests,

Wherefore the defendants pray that this Court grant them judgment as a matter of law.

Respectfully submitted,

Defendant Kurt Ferrazzani
By his counsel,

Brian Rogal, Esquire
BBO No. 424920
160 Gould Street, Suite 111
Needham, MA 02494
781-455-8964

Defendant McKenzie
By his counsel,

3

Timothy Burke, Esquire
BBO No. 065720
160 Gould Street, Suite 111
Needham, MA  02494
781-455-0707

Certificate of Service

I hereby certify that I have served a true copy of the foregoing document in hand.

12/5
November 30, 2006